UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LOMBARD FLATS LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FAY SERVICING LLC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05686-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 42 |

## INTRODUCTION

This is a mortgage-debt-collection dispute concerning the mortgage loan on the property located at 949 Lombard Street in San Francisco. Plaintiffs Lombard Flats LLC (the mortgage borrower) and New Owners Group LLC (the title holder) sued Fay Servicing LLC (the current loan servicer) and U.S. Bank Trust National Association (the holder of the mortgage note and deed of trust), asserting twelve claims in connection with the debt-collection practices of Fay and J.P. Morgan Chase (a previous loan servicer that used to be a defendant in this case).[1] The defendants moved to dismiss all claims under Federal Rules of Civil Procedure 9(b) (for failure to plead fraud with specificity) and 12(b)(6) (for failure to state a claim).[2] The court grants the motion except as

---

[1] First Am. Compl. (FAC) – ECF No. 38. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 42.

ORDER – No. 22-cv-05686-LB

to the claims under the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, and California's Unfair Competition Law.

## STATEMENT

### 1. General Factual Background

The plaintiffs allege that in 2005, Lombard Flats refinanced the property with Washington Mutual for $3.2 million. Washington Mutual was taken over by Chase in 2009, and Chase serviced the loan from then until August 2022, when it transferred servicing to Fay.[3] In November 2022, Chase assigned the note and deed of trust to defendant U.S. Bank Trust.[4]

The defendants submitted the documents relevant to this timeline.[5] The borrower on the 2005 loan from Washington Mutual was Martin Eng.[6] Mr. Eng is a manager and member of Lombard Flats.[7] He had owned the property since 1985, and he transferred title to Lombard Flats in January 2009.[8] Chase sold the loan to U.S. Bank National Trust Association in November 2022, and the assignment lists Mr. Eng as the borrower.[9]

In November 2019, Lombard Flats "suffered a serious financial hardship," and the problem was compounded with the onset of the COVID-19 pandemic in March 2020. Lombard Flats contacted Chase to request "foreclosure prevention assistance."[10] Chase represented that it would grant Lombard Flats a "COVID-19 forbearance plan" under which all monthly payments during

---

[3] FAC – ECF No. 38 at 4 (¶ 13), 8 (¶ 32).

[4] *Id.* at 4 (¶ 14).

[5] On a motion to dismiss, courts may consider "materials incorporated into the complaint" and "matters of public record." The Ninth Circuit has also "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question[,] and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[6] Deed of Trust, Ex. 1 to Req. for Jud. Notice – ECF No. 42-1 at 5.

[7] FAC – ECF No. 38 at 5 (¶ 16).

[8] Plan of Reorganization, Ex. 4 to Req. for Jud. Notice – ECF No. 42-1 at 111.

[9] Assignment of Deed of Trust, Ex. 6 to Req. for Jud. Notice – ECF No. 42-1 at 151.

[10] FAC – ECF No. 38 at 5 (¶ 15).

the forbearance would be deferred until the end of the loan. Chase promised that the forbearance would last at least eighteen months but refused to send a written explanation of the promised forbearance. Then in August 2021, Chase told Mr. Eng that monthly payments would resume at the loan's standard rate of $12,700.[11] Chase employees also "instructed [the] [p]laintiffs to submit an application for a [loan] modification as a condition to resume monthly payments." The plaintiffs did so, and Chase then denied the application without explaining why.[12]

In December 2021, Chase began making "dozens" of "harassing and annoying" telephone calls to Mr. Eng to demand monthly payments. Chase employees would make calls "at intentionally inconvenient times, including early in the morning and late at night." That month and in February and April 2022, Lombard Flats made payments of $12,700, but the payments were returned by Chase. Chase continued to insist on payment and made "threats to report negative credit information to the credit bureaus" and "threats to foreclose on the property."[13] The plaintiffs told Chase "numerous times" that they had made three payments but those payments were returned. The plaintiffs also reminded Chase about its forbearance promise, and Mr. Eng requested that Chase stop calling him. Despite that, Chase employees continued to call.[14] From December 2021 until July 2022, Chase "quietly made arrangements to sell the subject loan to [the current defendants]."[15]

After Chase transferred the mortgage to the current defendants, Mr. Eng requested (on the phone and, "on information and belief, in writing") a single point of contact and a loan modification. The defendants "have failed and refused" to provide a single point of contact and did

---

[11] *Id.* at 5–6 (¶¶ 16, 19), 14 (¶ 69).

[12] *Id.* at 8 (¶ 29).

[13] *Id.* at 5 (¶¶ 17–18).

[14] *Id.* (¶ 19).

[15] *Id.* at 15 (¶ 78), 16 (¶ 87) ("Chase intentionally concealed the planned transfer of the ownership and servicing rights of the loan to [the] defendants[,] without confirming in writing the deferment of the foreclosure plan missed payments[.]"), 17 (¶ 89).

not provide the plaintiffs with a written loan modification application.[16] They have "fail[ed] to provide [the plaintiffs] with written information with respect to the loan" and have "refus[ed] to provide information regarding the borrwers['] alternatives to foreclosure."[17] Neither Chase nor the defendants provided the plaintiffs with written notice, within thirty days of the transfer, that the deed of trust was transferred.[18] And the defendants have refused to acknowledge the alleged promise by Chase of an eighteen-month COVID-19 forbearance.[19]

Defendant Fay, "on behalf of [U.S. Bank National Trust Association]," sought to collect on what it described as Chase's $3.2 million loan to Lombard Flats, even though a 2010 "Chapter 11 settlement" had reduced that loan to $3 million.[20]

## 2. Relevant Procedural History

The initial complaint, which was filed in state court and asserted only five claims (and did not assert any claims under debt-collection statutes), named Chase and Fay as defendants.[21] Chase removed the case to this court.[22] Chase then moved to dismiss under Rule 12(b)(6) and the plaintiffs filed a statement of non-opposition and dismissed Chase with prejudice under Rule 41.[23] Fay also moved to dismiss the initial complaint, and the court granted that motion with leave to amend.[24]

---

[16] *Id.* at 6 (¶¶ 20–22), 13 (¶ 60) ("Fay failed to instruct Plaintiffs to contact HUD, failed to provide loan modification applications, never provided any loan modification denial letters, never denied loan modification on a telephone call[.]").

[17] *Id.* at 8–9 (¶¶ 33–34), 13 (¶ 61) ("Fay failed to provide [the plaintiffs] with a list of foreclosure prevention alternatives[.]").

[18] *Id.* at 6 (¶ 23).

[19] *Id.* at 8 (¶ 30).

[20] *Id.* at 9 (¶ 40), 11 (¶ 52); Plan of Reorganization, Ex. 4 to Req. for Jud. Notice – ECF No. 42-1 at 114; Bankr. Ct. Order, Ex. 5 to Req. for Jud. Notice – ECF No. 42-1 at 129 (confirming the plan).

[21] Compl. – ECF No. 1-1.

[22] Notice of Removal – ECF No. 1.

[23] Chase Mot. – ECF No. 11; Statement of Non-Opp'n – ECF No. 18; Notice of Voluntary Dismissal – ECF No. 20.

[24] Order – ECF No. 35.

ORDER – No. 22-cv-05686-LB                     4

The First Amended Complaint has twelve claims: (1) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e (against Fay); (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 (against Fay for violating the federal Act); (3) violation of California's Homeowner's Bill of Rights, Cal. Civ. Code § 2923.6 (against Fay for denying the first lien loan modification); (4) elder financial abuse (against all defendants); (5) intentional misrepresentation (against all defendants); (6) concealment under Cal. Civ. Code §§ 1709–10 (against all defendants); (7) breach of the implied covenant of good faith and fair dealing (against all defendants); (8) violation of the Rosenthal Act, Cal. Civ. Code § 1788.1 (against all defendants); (9) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 (against all defendants); (10) violation of California's Homeowner's Bill of Rights, Cal. Civ. Code § 2923.7 (against all defendants for failing to assign a single point of contact); (11) negligence (against all defendants); and (12) violation of the UCL (apparently duplicative of claim nine).[25]

The court has subject-matter jurisdiction. 28 U.S.C. §§ 1331, 1332, 1367(a). All parties consented to magistrate-judge jurisdiction.[26] *Id.* § 636(c). The court held a hearing on June 22, 2023.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

---

[25] FAC – ECF No. 38 at 9–23 (¶¶ 35–136).

[26] Consents – ECF Nos. 9, 17, 47.

formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

Fraud allegations elicit a more demanding standard. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "The plaintiff must [also] set forth what is false or misleading about a statement, and why it is false." *Id.* (cleaned up). Like the basic "notice pleading" demands of Rule 8, a driving concern behind Rule 9(b) is that defendants be given fair notice of the charges against them. *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (cleaned up); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer").

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should give leave to amend if the plaintiff could "articulate a cognizable legal theory if given the opportunity." *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017).

# ANALYSIS

The court addresses the defendants' asserted grounds for dismissal in turn.

**1. Scope of Amendment**

The defendants first contend that because the initial complaint had different claims, the court's prior order dismissing with leave to amend did not allow for new claims to be asserted.[27] "Generally speaking, amended pleadings may not exceed the scope of leave granted by the district court." *Barnes v. Sea Hawai'i Rafting, LLC*, 493 F. Supp. 3d 972, 978 (D. Haw. 2020). But that is true only where the court actually "identif[ies] the scope of leave to amend." *Mercado Latino, Inc. v. Indio Prods., Inc.*, 649 F. App'x 633, 635 (9th Cir. 2016). Here, the prior dismissal order was nonspecific.[28] It is still early in the case; leave to amend is to be freely given and an amended pleading may assert "alternative theor[ies] for recovery." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Barnes*, 493 F. Supp. 3d at 978–79. The court thus denies dismissal on this ground.

**2. New Owners Group's Standing**

According to the defendants, plaintiff New Owners Group lacks standing because it is not a party to the loan at issue and has not alleged a relationship with the defendants.[29] The plaintiffs

---

[27] Mot. – ECF No. 42 at 10–11.

[28] Order – ECF No. 35 at 2.

[29] Mot. – ECF No. 42 at 11.

ORDER – No. 22-cv-05686-LB       7

counter that New Owners is an "indispensable party" because it is the legal title holder of the property at issue.[30] New Owners has been the property's legal title holder since September 10, 2021, but is not a borrower on the loan.[31]

A plaintiff's status as an "indispensable party" under Rule 19 does not obviate the standing requirement. Fed. R. Civ. P. 19(a)(1) (a party can be joined only if doing so "will not deprive the court of subject-matter jurisdiction"). As for standing, "[t]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560). Article III requires "a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560–61. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547.

New Owners must satisfy its burden to establish standing, and it has not done so; there are no allegations about New Owners other than that it is the legal title holder. In any case, because it is not a party to or otherwise obligated by the mortgage loan, New Owners lacks standing in a case about the defendants' debt collection and alleged loan mishandling. *Frank v. J.P. Morgan Chase Bank, N.A.*, No. 15-CV-05811-LB, 2016 WL 3055901, at *4–5 (N.D. Cal. May 31, 2016) (collecting cases); *Ambers v. Wells Fargo Bank*, N.A., No. 13-CV-03940 NC, 2014 WL 883752, at *4–5 (N.D. Cal. Mar. 3, 2014) (same). The court thus dismisses New Owners' claims with prejudice.

---

[30] Opp'n – ECF No. 48 at 8.

[31] FAC – ECF No. 38 at 1–2 (¶¶ 1–2).

### 3. Fair Debt Collection Practices Act Claim

Fay argues that claim one for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, should be dismissed because as a limited-liability company, Lombard Flats does not qualify as a "consumer" under the Act.[32]

There are cases that say that a plaintiff bringing a claim under the Act must establish, among other things, that he is "a 'consumer' under 15 U.S.C. § 1692a(3)." *See, e.g.*, *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). But there is authority for the proposition that a claim under § 1692e — which applies to "any false, deceptive, or misleading representation or means in connection with the collection of any debt" — does not require the plaintiff to be a "consumer." *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649–50 (6th Cir. 1994); *Gilliam v. Porter McGuire Kiakona & Chow, LLP*, No. CV 20-00372 JMS-KJM, 2021 WL 1681076, at *7 (D. Haw. Apr. 28, 2021). At the least, the debt must be in the name of a consumer for purposes of a § 1692e claim, because the Act's definition of "debt" is limited to "obligation[s] of a consumer." 15 U.S.C. § 1692a(5).

Here, Lombard Flats — an LLC — alleges that it is "the borrower of the mortgage."[33] Mr. Eng appears to be a borrower too, though: as of November 2022, when the mortgage was assigned by Chase to defendant U.S. Bank Trust, the borrower was Mr. Eng.[34] In their reply brief, the defendants cite to the bankruptcy plan and order for the assertion that Lombard Flats assumed the loan, but the bankruptcy documents do not show that to be the case.[35] At the hearing, the parties indicated that they could resolve this factual uncertainty before further amendment of the complaint. For now, given the November 2022 assignment's listing Mr. Eng as the borrower, the court concludes that the debt at issue is a consumer debt and thus Lombard Flats can bring a

---

[32] Mot. – ECF No. 42 at 11.

[33] FAC – ECF No. 38 at 1 (¶ 1).

[34] Assignment of Deed of Trust, Ex. 6 to Req. for Jud. Notice – ECF No. 42-1 at 151.

[35] Reply – ECF No. 49 at 4 (citing Plan of Reorganization & Order, Exs. 4–5 to Req. for Jud. Notice – ECF No. 42-1 at 109–49).

ORDER – No. 22-cv-05686-LB            9

§ 1692e claim. *Gomez v. Wells Fargo Home Mortg.*, No. C 11-01725 LB, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011) (under the Act, "the plaintiff [must have] been the object of collection activity arising from a consumer debt").

Fay also argues that it did not misrepresent the amount due on the loan when it represented that the balance was $3.2 million rather than the $3 million ordered by the bankruptcy court. According to Fay, this "allegation fails because it violates the statute of frauds" given that Fay did not sign any writing modifying the loan balance, and the amount due exceeds $3 million because there are "late fees/charges, escrow, and other charges."[36]

To determine whether conduct violates § 1692e, the court must objectively analyze whether the least sophisticated debtor would likely be misled by the communication at issue. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (cleaned up). "At the same time, the standard . . . presumes a basic level of understanding and willingness to read with care." *Id.* at 1062 (cleaned up). Also, "a false or misleading statement is not actionable . . . unless it is material." *Donohue*, 592 F.3d at 1033. In determining materiality, a court should look for "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034.

The statute of frauds, which renders certain contracts invalid if not written and signed by the party to be charged, applies to an agreement to pay a debt secured by a mortgage or deed of trust on real property and extends to agreements modifying the loan. Cal. Civ. Code § 1624(a)(6); *Secrest v. Sec. Nat. Mortgage Loan Trust 2002–2*, 167 Cal. App. 4th 544, 553 (2008) ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds.").

---

[36] Mot. – ECF No. 42 at 11–12.

First, the bankruptcy court order was not an agreement between the parties, so the statute of frauds does not apply to the order. Second, a "false representation" of the "amount . . . of any debt" is "a violation of [§ 1692e]." 15 U.S.C. § 1692e(2)(A). Fay concedes that the "[l]oan's principal balance remains $3 million."[37] The court denies Fay's motion to dismiss the § 1692e claim.

### 4. Rosenthal Fair Debt Collection Practices Act Claims

The defendants next contend that the Rosenthal Act claims (claims two and eight) fail for various reasons.[38]

To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) the plaintiff is a "debtor," (ii) the debt at issue is a "consumer debt," (iii) the defendant is a "debt collector," and (iv) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Ansari v. Elec. Document Processing Inc.*, No. 5:12-cv-01245-LHK, 2013 WL 4647621, at *11 (N.D. Cal. Aug. 29, 2013). The Rosenthal Act also incorporates sections 1692b through 1692j of the federal Act and requires that every debt collector abide by those provisions. Cal. Civ. Code § 1788.17; *Fitzgerald v. Bosco Credit, LLC*, No. 16-cv-01473-MEJ, 2017 WL 3602482, at *8 (N.D. Cal. Aug. 21, 2017).

First, as with the federal Act, Lombard Flats need not be a "natural person," because Mr. Eng is a borrower on the loan and thus the loan is a "consumer debt." Cal. Civ. Code § 1788.2(f). And because Lombard Flats is also a borrower on the loan, it has standing under the Rosenthal Act. *Barvie v. Bank of Am., N.A.*, No. 18-CV-449-JLS (BGS), 2018 WL 4537723, at *4 (S.D. Cal. Sept. 21, 2018) ("[A] plaintiff lacks standing to bring a cause of action under the [Rosenthal Act] when she does not owe or is not alleged to owe the debt.").

Second, claim two for violation of § 1788.17 is plausibly pleaded for the same reasons that the claim under § 1692e of the federal Act is plausibly pleaded.

---

[37] *Id.* at 12.
[38] *Id.* at 12–15.

1  Third, claim eight does not specify which provision of the Rosenthal Act the defendants
2  allegedly violated. *Christopher v. First Franklin Fin. Corp.*, No. 10CV17 DMSCAB, 2010 WL
3  1780077, at *3 (S.D. Cal. Apr. 30, 2010) (dismissing Rosenthal Act and other claims where the
4  plaintiff "[did] not specify which provisions of the statutes were allegedly violated").

5  Fourth, claim eight is about what Chase did, not what the defendants did.[39] The complaint
6  asserts the legal conclusion that "Fay has successor liability for the wrongdoing of Chase."[40]

7  A defendant's purchasing a mortgage loan is insufficient to establish successor liability. *Silva
8  v. Saxon Mortg. Servs. Inc.*, No. 2:11-CV-03125-MCE, 2012 WL 2450709, at *4 (E.D. Cal. June
9  26, 2012). Instead, a potential "successor" exists only "where one company sells or otherwise
10 transfers all its assets to another company." *Acheson v. Falstaff Brewing Corp.*, 523 F.2d 1327,
11 1329 (9th Cir. 1975) (cleaned up); Zerne P. Haning et al., Cal. Prac. Guide: Pers. Inj. § 2:1680
12 (The Rutter Group 2022) ("Under various circumstances, a corporation's (or other business
13 entity's) liabilities may be imposed on its successors after the corporation has dissolved.").

14 Even where a potential "successor" exists, successor liability applies only where (1) "the
15 successor expressly or impliedly agrees to assume the subject liability," (2) "the transaction
16 amounts to a consolidation or merger of the successor and the predecessor," (3) "the successor is a
17 mere continuation of the predecessor," or (4) "the transfer of assets to the successor is for the
18 fraudulent purpose of escaping liability for the predecessor's debts." *Dougherty v. Bank of Am.*,
19 N.A., No. 2:15-CV-01226-TLN-DB, 2018 WL 1518574, at *6 (E.D. Cal. Mar. 28, 2018). The
20 liberal pleading standard of Rule 8(a) applies to allegations of successor liability. *City of Los
21 Angeles v. Wells Fargo & Co.*, 22 F. Supp. 3d 1047, 1062 (C.D. Cal. 2014) (collecting cases); *City
22 & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 644 (N.D. Cal. 2020).

---

[39] FAC – ECF No. 38 at 18 (¶ 100) ("Chase violated the Rosenthal Act during the months of December 2021 through July[] 2022 by . . . .").

[40] *Id.* at 8 (¶ 32).

Here, the defendants are not successors of Chase in the relevant sense. Also, the mortgage assignment does not indicate that U.S. Bank Trust agreed to assume any of Chase's liabilities.[41] The court thus dismisses claim eight for violation of the Rosenthal Act.

### 5. California Homeowner's Bill of Rights Claims

Lombard Flats's claims under the California Homeowner's Bill of Rights (claims three and ten) fail because as an entity rather than a natural person, Lombard Flats lacks standing. Cal. Civ. Code § 2920.5(c)(1) (defining "borrower"); *Green v. Cent. Mortg. Co.*, No. 14-CV-04281-LB, 2015 WL 5157479, at *4 (N.D. Cal. Sept. 2, 2015) ("[O]nly 'borrowers' have standing to assert claims for violation of [the Homeowner's Bill of Rights].").

### 6. Elder Abuse Claim

The court dismisses the elder-abuse claim without prejudice because the plaintiffs do not oppose the motion to dismiss and instead intend to add Mr. Eng as a plaintiff.[42] Cal. Welf. & Inst. Code § 15610.27 ("'Elder' means any person residing in this state, 65 years of age or older.").

### 7. Intentional Misrepresentation and Concealment Claims

The court also dismisses the fraud-based claims without prejudice; as the plaintiffs concede, these claims are not adequately pleaded.[43] They must be pleaded with specificity. Fed. R. Civ. P. 9(b).

### 8. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

Another issue is whether the plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is adequately pleaded.

---

[41] Assignment of Deed of Trust, Ex. 6 to Req. for Jud. Notice – ECF No. 42-1 at 151.
[42] Opp'n – ECF No. 48 at 11.
[43] *Id.*

The covenant of good faith and fair dealing is implied in every contract and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000). To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *Bostwick v. SN Servicing Corp.*, No. 21-cv-02560-LB, 2021 WL 2515714, at *5 (N.D. Cal. June 18, 2021).

As pleaded, this claim is about, "inter alia, [the defendants'] refusing to allow a resumption of payments, and [their] denying the existence of a deferment of forbearance plan missed payments."[44] The alleged refusal to accept payments was Chase's conduct, not the defendants'.[45] The alleged forbearance plan was an oral modification of the loan and thus violates the statute of frauds.[46] Cal. Civ. Code § 1624(a)(6); *Secrest*, 167 Cal. App. at 553. As a result, the forbearance plan was not part of the contract, so the defendants did not interfere with Lombard Flats's right to receive the benefits of the contract. The court dismisses the claim for breach of the implied covenant of good faith and fair dealing.

The plaintiffs argue that the defendants breached the loan agreement "by not conducting the foreclosure process in accordance with applicable federal, state, and common-law."[47] But although the operative complaint obliquely refers to "foreclosure activity," it does not allege that a foreclosure occurred.[48]

---

[44] FAC – ECF No. 38 at 18 (¶ 96); Opp'n – ECF No. 48 at 11.

[45] FAC – ECF No. 38 at 8 (¶ 30).

[46] *Id.* at 5–6 (¶ 19).

[47] Opp'n – ECF No. 48 at 11.

[48] FAC – ECF No. 38 at 3 (¶ 10).

### 9. UCL Claims

The plaintiffs' two UCL claims (which appear to be duplicative) are derivative claims.[49] *See, e.g.*, *Reyna v. WestRock Co.*, No. 20-cv-01666-BLF, 2020 WL 5074390, at *11–*12 (N.D. Cal. Aug. 24, 2020). Because the claims under the Fair Debt Collection Practices Act and the Rosenthal Act survive (for now), one UCL claim survives under the unlawful prong of the UCL. *See, e.g.*, *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (claims under the UCL's unlawful prong are predicated on violation of another law); *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) ("Virtually any law federal, state or local can serve as a predicate for an action under [the unlawful prong].").

### 10. Negligence Claim

Finally, the plaintiffs do not oppose the motion to dismiss the negligence claim. Mortgage lenders and servicers do not owe a general negligence duty to borrowers. *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 740 (2010); *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013). The court thus dismisses the negligence claim with prejudice.

### CONCLUSION

The court dismisses all claims except those under § 1692e of the Fair Debt Collection Practices Act (claim one), § 1788.17 of the Rosenthal Act (claim two), and the UCL (claims nine and twelve, but only one UCL claim survives). The dismissals of New Owners' claims and the negligence claim are with prejudice.

Assuming the plaintiffs amend the complaint again, the next complaint is expected to add Mr. Eng as a plaintiff and clarify whether Mr. Eng, in addition to Lombard Flats, is a borrower on the loan. (If Lombard Flats is the only borrower, then (1) the three claims that survive on the current record are not viable, because the debt would be a commercial rather than consumer debt, and (2) Mr. Eng would lack standing for the same reason that New Owners lacks standing.) The court

---

[49] Opp'n – ECF No. 48 at 12.

allows the plaintiffs forty-two days from the date of this order to file an amended complaint. Any amended complaint must attach as an exhibit a blackline of the current complaint against the new one.

This resolves ECF No. 42.

**IT IS SO ORDERED.**

Dated: June 24, 2023

_____
LAUREL BEELER
United States Magistrate Judge