UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LOMBARD FLATS LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FAY SERVICING LLC,<br><br>    Defendant. | Case No. 22-cv-05686-LB<br><br>**CASE-MANAGEMENT AND PRETRIAL ORDER (BENCH)** |

The court issues this case-management and pretrial order.

## I. GENERALLY APPLICABLE RULES

Parties must comply with the procedures in the Federal Rules of Civil Procedure, the local rules, the general orders, Judge Beeler's standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER").

## II. CASE-MANAGEMENT AND TRIAL DATES

All hearings will be held in Courtroom B, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The following are the disclosure, filing, and hearing dates:

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Date to seek leave to add new parties or amend the pleadings | 1/30/2024 |
| Updated joint case-management-conference statement | 3/14/2024 |
| Further case-management conference | 3/21/2024 |
| ADR completion date | TBD |
| Non-expert discovery completion date | 5/15/2024 |
| Expert disclosures required by Federal Rules of Civil Procedure | 7/15/2024 |
| Rebuttal expert disclosures | 9/30/2024 |
| Expert discovery completion date | 10/30/2024 |
| Last hearing date for dispositive motions and/or further case- management conference | 10/31/2024 at 9:30 a.m./11:00 a.m. |
| Meet and confer re pretrial filings | 12/31/2024 |
| Pretrial filings due | 1/9/2025 |
| Oppositions, objections, exhibits, and depo designations due | 1/16/2025 |
| Final pretrial conference | 1/30/2025 at 1:00 p.m. |
| Trial | 2/10/2025 at 8:30 a.m. |
| Length of trial | 3 days |

## III. ALTERNATIVE DISPUTE RESOLUTION

The court will discuss ADR at the next case-management conference. The parties must notify the court promptly if the case resolves.

## IV. DISCOVERY PROCEDURES

A. The parties must comply with the procedures regarding discovery and discovery disputes in Judge Beeler's standing order.

B.  Each side is limited to ten depositions and twenty-five interrogatories, as provided by Federal Rules of Civil Procedure 30 and 33, absent a further court order.

C.  If the ADR specified in the previous section is being conducted before the discovery cut-off deadline, counsel must meet and confer in person or by telephone no later than 21 days before the ADR and **before** preparing any exchanged or confidential settlement statements required by the ADR process. The purpose of the meeting is to identify and exchange whatever discovery is needed for all sides to evaluate the case for settlement. Counsel must cooperate in providing discovery informally and expeditiously before ADR.

## V. MOTIONS

The parties must file any motions, oppositions, and reply briefs on the schedule set forth in Civil L. R. 7. The parties also must follow all procedures in Judge Beeler's standing order.

## VI. PRETRIAL FILINGS AND PROCEDURES

The court's procedures require the parties to confer in person to resolve disputes, reach stipulations, avoid duplicate and cumulative exhibits and witnesses, and ensure an orderly trial. The following sections address filing deadlines and the procedures that the parties must follow when submitting their pretrial filings and exhibits.

A.  **30 Days Before Final Pretrial Conference: Serve (But Not File) Motions In Limine**.

Each motion must be in a separate memorandum entitled "[Party's Name]'s Motion in Limine [#] to Exclude [Subject]," be limited to circumstances requiring advance ruling, and be no longer than seven pages absent leave of court. Usually five motions in limine are sufficient.

B.  **23 Days Before Final Pretrial Conference: Serve (But Not File) Oppositions**.

Each opposition must be in a separate memorandum entitled "[Party's Name]'s Opposition to Motion in Limine [#] to Exclude [Subject]"and be no longer than seven pages absent leave of court. There will be no replies.

C.  **21 Days Before Final Pretrial Conference**. The parties must file the following:

   **1. Motions in Limine**. The moving party will collate and file each motion and opposition back-to-back, which means there will be one paired set for each motion in limine on the docket.

**2. Joint Proposed Pretrial Order** (instead of a pretrial conference statement) with the following:

    (a) a brief description of the claims and defenses to be decided;

    (b) a statement of the relief sought;

    (c) all stipulated, undisputed facts;

    (d) all disputed fact issues to be tried, organized by count and described with the same specificity as any contested element in the model jury instructions (a useful point of reference);

    (e) each disputed legal issue with citations but without extended argument;

    (f) the parties' stipulations;

    (g) the parties' estimates of total trial time; and

    (h) the status of settlement negotiations and whether further negotiations might be productive.

**3. Attachments to Be Appended to the Joint Proposed Order**. The filing must be filed as separate attachments to the joint proposed order:

    (a) **Signed Stipulations** in a form that can be introduced as evidence at trial;

    (b) **Joint Exhibit List** with columns for exhibit number, description and bates range, offered into evidence, admitted into evidence, sponsoring witness, and limits on use (see below regarding numbering and organization of exhibits); and

    (c) **Each party's separate witness list** for case-in-chief witnesses (including those appearing by deposition) with a short summary of the testimony, specifying their non-cumulative testimony, and an hour-and-minute time estimate per witness. Experts and witnesses not included in the witness list may not be used in a party's case-in-chief.

**4. Joint Proposed Findings of Fact and Conclusions of Law and Each Side's Separate Disputed Proposed Findings of Fact and Conclusions of Law**. Conclusions of law that rely on substantive law instructions from the current versions of the Ninth Circuit Manual of Model Civil Jury Instructions (2007) (available at http://www.ce9.uscourts.gov), California Civil Jury

Instructions (CACI), or other applicable instructions must cite those instructions and clearly identify any modifications to the instructions. All conclusions of law — disputed or undisputed — must be supported by citation (including pin cites) in the format used by the Ninth Circuit Manual.

**5. Separate Memoranda on Conclusions of Law**. Each party must file a memorandum of law regarding disputed conclusions of law.

**6. Trial Briefs On Any Issues of Law**.

**7. Copies of Federal Rule of Civil Procedure 26(a)(3) Disclosures**. By designating an exhibit, a party generally waives any objection to it if offered by the other side absent clearly available objections (such as objections under Rules 402 and 403 or admissions by party opponents that would be inadmissible hearsay if offered by the party opponent).

**8. Chambers Copies of These Materials**. The chambers copies of these materials must be submitted in a binder, labeled on the front and spine with the case name and "Trial Submissions," and have labeled tabs separating the filings to reflect the organization in this section. The court's standing order requires two chambers copies.

**9. Word Versions Emailed To Chambers**. In addition to e-filing and lodging paper copies see Judge Beeler's standing order, counsel must email the joint proposed order and other useful documents in Word to lbpo@cand.uscourts.gov.

**D. 14 Days Before Pretrial Conference**. The parties must comply with the procedures in sections E through G (below) and then lodge the following:

**1. Lodge Joint Sets of Trial Exhibits with Deputy Clerk**. The parties must prepare a joint, single set of all trial exhibits. The exhibits must be in three-ring binders, and each exhibit must be tagged and separated by a label divider identifying the exhibit number. Spine labels must identify the exhibits in a particular binder. The exhibit binders must be marked "Original" and will be the official record both at trial with the witnesses and on appeal. The parties also must lodge a second copy of the exhibits labeled "Chambers Copy." Lodge the exhibits with the deputy clerk, Elaine Kabiling. Include (and e-file) any updated exhibit list in each binder.

**2. Copies of Deposition Designations For Witnesses Appearing Only By Designation**.

3. **Copies of Designation of Interrogatories and Admissions**.

4. **Objections to Exhibits and Use of Depositions as set forth in Federal Rule of Civil Procedure 26(a)(3)(B)**. Objections not raised are waived.

5. **Chambers Copies**. The chambers copies of these materials must be submitted in a binder, labeled on the front and spine with the case name and a description of the contents, and have labeled tabs separating the filings to reflect the organization in this section.

E. **Other Procedures Regarding Exhibit Numbering and Organization**.

1. **Meet and Confer Re Exhibit Numbers**. Before submitting exhibit lists and binders, counsel must meet and confer to establish usable numbering conventions and eliminate duplicate exhibits. Use numbers only, and if possible, exhibit numbers should be the same numbers used in depositions. Otherwise, the deposition transcript must be conformed to the new exhibit number to avoid confusion and to ensure that every exhibit has a unique number. Blocks of numbers should be assigned to fit the needs of the case: e.g., Plaintiff has 1 to 99, Defendant A has 100 to 199, Defendant B has 200 to 299, et cetera. All exhibits must be marked "Trial Exhibit No. __," not Plaintiff's Exhibit or Defendant's Exhibit. A single exhibit must be marked just once.

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
            Deputy Clerk
```

2. **Exhibit Tags and Binders**. The exhibit tag must be in the following form and must be affixed on or near the lower right-hand corner if possible and on the back if it is not. Counsel must fill in the tag but leave the last two spaces blank.

**F. Deposition Designation For Witnesses Appearing By Deposition**. These procedures apply only to deposition designation for witnesses who appear by deposition and do not apply to reading depositions of live witnesses into the record while the witnesses are testifying.

    **1. Designating Counsel**. To designate deposition testimony, counsel must photocopy the cover page, the page where the witness is sworn, and each page with any proffered testimony (with lines through testimony not proffered). Counsel must put lines through objections or colloquy unless they are needed to understand the question. Any corrections (including conforming exhibit numbers to trial exhibit numbers) must be done by hand. The finished packet must be the script that allows smooth presentation of the witness, the oath, and the testimony. The packet must be provided to the other parties at least 30 days before the pretrial conference. For voluminous designations, the court requires advance notice by designating counsel because more lead time is required. Counsel must be reasonable.

    **2. Reviewing Counsel**. Reviewing parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert the additional passages needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions must be highlighted in blue, and an explanation for the inclusion must be legibly handwritten in the margin. Counsel must line out any irrelevant portions of the additional pages. Reviewing counsel must return the packets to the proffering party to consider whether to accept the adjustments.

    **3. Counsel To Meet and Confer Regarding Adjustments**. Counsel must meet and confer to address reviewing counsel's comments and any other issues.

    **4. Designating Counsel To Assemble Final Packet**. Counsel for the proffering party must collate and assemble a final packet that covers all remaining issues and provide it to the court 14 days before the pretrial conference (as set forth above). Any objections must be highlighted and annotated as described in the preceding paragraphs. If exhibits are needed to resolve the

objections, designating counsel must include copies, with the relevant passages highlighted and tagged. The court will read the packet and make its rulings in the margins in a distinctive manner.

**5. Counter-Designations**. The reviewing party must make any counter-designations by providing a packet with the counter-designated passages to the original designating counsel at the same time as the reviewing party returns its objections to designating counsel. The original designating counsel must supply any objections in the manner described in this section.

**6. Video Depositions**. The parties must follow the same procedures to facilitate ruling on objections. The videos must omit dead time and objections and colloquy not necessary to understand the answers.

G. **Requests For Admissions And Interrogatories**. The parties must designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

**VII. PRETRIAL CONFERENCE**

Lead counsel for each party must attend.

**VIII. PRETRIAL ARRANGEMENTS**

A. **Daily or Real-Time Reporting**. Please make arrangements ten days before the trial date with Debra Campbell, Supervisor of the Court Reporting Services, at 415-522-2079.

B. **Electronic Presentation of Evidence**. The court provides no equipment other than an easel and a white board. If counsel will use electronic equipment such as computers, projectors, and screens, the parties must share equipment to the extent possible. Extension cords must be taped to the carpet for safety. The United States Marshal requires a court order to allow equipment into the courthouse. Please work with Elaine Kabiling (415-522-3140) on all courtroom layout issues.

**IX. TRIAL AND TRIAL PROCEDURES**

A. **Schedule**. The trial day is 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness), Monday through Friday, with one fifteen-minute break at 10:45 a.m.

**B. Time Limits**. Ordinarily, the court sets time limits for opening statements, witness examinations (direct, cross, or re-direct), and closing arguments at the final pretrial conference. All of your examination time for all witnesses must fit within your witness time limits.

**C. Opening Statements**. Counsel must meet and confer about, and exchange, any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions. Opening statements will be limited to a predetermined time.

**D. Advance Notice of Witness Order of Proof**. By 2:00 p.m., counsel must give written notice of the order of witnesses for the next court day and the exhibits (including merely illustrative exhibits) to be used on direct examination (other than for true impeachment of a witness). The parties must notify the court by the end of the day of any objections to the exhibits, and the court will schedule a conference that afternoon or the following morning to resolve the dispute. The court encourages two days' notice. If two days' notice is given, then by 2:00 p.m. on the calendar day immediately preceding the testimony, opposing counsel must provide any objections to the exhibits and must provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).

**E. Witness Examinations**. Generally there must be only one examining lawyer per witness per party, and the examining lawyer must make any objections to the opposing counsel's examination. The parties must have witnesses ready to testify so that trial gaps are avoided. Gaps may be construed as resting one's case. In cases with multiple parties, counsel must coordinate cross-examination to avoid duplication of testimony. When multiple parties are on one side, only one counsel may cover a subject matter. Counsel must place copies of exhibits to be used by a witness on the witness stand before the witness testifies.

Witnesses (except named parties) are excluded from the courtroom except when they are testifying. If a testifying witness has not been excused before a recess, that witness must be seated back on the stand when the court reconvenes. If a new witness is ready to be called immediately after a recess, the witness must be in the first row after the recess.

The appropriate party or the court may read into the record the undisputed facts at appropriate points in the trial.

**F. <u>Expert Testimony</u>**. Direct expert testimony is limited to matters disclosed in the expert's reports. Omitted material ordinarily may not be added on direct examination. Illustrative animations, diagrams, charts, and models may be used on direct examination only if they were part of the expert report, except that an expert may use simple drawings (such as those drawn by the witness at trial) that plainly illustrate a report's contents. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. As to damages studies, the cut-off for *past damages* is the date of the expert report (or an earlier date selected or used by the expert). Experts may project future damages after this cut-off date if they can meet substantive standards for *future damages*. With timely leave of court or by written stipulation, the experts may update their reports (or provide supplemental reports) to a date closer to the time of trial.

**G. <u>Use of Depositions To Impeach A Trial Witness</u>**. The following procedures apply.

**1.** On the first day of trial, counsel must bring the original and clean copies of the depositions to be used at trial. If counsel might use a deposition against a witness, counsel must provide the court with a copy at the outset of the examination. Opposing counsel must have copies of witness depositions immediately available.

**2.** Counsel must seek permission from the court before reading a passage into the record. For example, counsel should state, "I wish to read page 210, lines 1 to 10, from the witness's deposition." Counsel must pause briefly to allow any objection.

**3.** The first time counsel reads a deposition, counsel must state the deponent's name, the name of the lawyer asking the question, and whether the deposition was a Federal Rule of Civil Procedure 30(b)(6) deposition.

**4.** When reading the passage, counsel must employ the following technique. Counsel must state, "question" and then read the question exactly, and then state, "answer" and read the answer

exactly. This will allow the court and court reporter to follow who said what at the deposition. Opposing counsel may ask to read additional testimony necessary to complete the context. It is not necessary to ask, "didn't you say XYZ in your deposition" to lay a foundation.

**H. Use of Depositions of Party-Opponents**. Subject to Rule 403, a party-opponent's depositions may be used for "any purpose" and may be read into the record whether or not they contradict (and regardless of who is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**I. Use of Depositions For Witnesses Appearing Only By Deposition**. When the packet (see above for procedures to assemble deposition packets) is read, the examiner must read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition, the reader and "witness" must refrain from undue emphasis or dramatization. If a read-in is short, a single attorney can read it all, being careful to say "question" and "answer" for the court reporter's comprehension. Exhibits may be projected onto the screen as they are referenced. Court reporters do not transcribe video excerpts so counsel must file an exact copy of what was shown.

**J. Exhibits**. At the end of each day, counsel must confer with each other and with the deputy clerk to confirm what exhibits are in evidence and any limitations on their use. Counsel must bring any differences to the court's attention. Similarly, before closing argument, counsel must confer with each other and the deputy clerk to finalize the exhibits and prepare any final exhibit list. That list may include a brief non-argumentative description of the exhibit to help the court to access the exhibits.

**K. Stipulations**. Counsel must read all stipulations for them to be part of the record.

**L. Objections**. Counsel must stand when making objections, give only the legal basis ("objection, calls for speculation" or "objection, hearsay"), and refrain from making speeches.

**IT IS SO ORDERED.**

Dated:      January 21, 2024

_____
LAUREL BEELER
United States Magistrate Judge