1 | WRIGHT, FINLAY & ZAK, LLP
2 | T. Robert Finlay, Esq., SBN 167280
Kristina M. Pelletier, Esq., SBN 279533
3 | 4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
4 | Tel: (949) 477-5050; Fax: (949) 608-9142
5 | kpelletier@wrightlegal.net

Attorneys for Defendant,
6 | FAY SERVICING, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN ENG, LOMBARD FLATS LLC; et al, | Case No.:  3:22-CV-05686-LB |
| | *Assigned to the Hon. Laurel Beeler* |
| Plaintiffs, | |
| vs. | |
| | **DEFENDANT FAY SERVICING, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC BANKRUPTCY STAY** |
| FAY SERVICING LLC, a Delaware limited liability company; U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as Owner Trustee for VRMTG ASSET TRUST; and VRMTG ASSET TRUST, a Delaware statutory trust, | |
| | Complaint filed:    August 30, 2022 |
| Defendants. | FAC filed:           April 28, 2023 |
| | SAC filed:           August 7, 2023 |
| | Action Removed:  October 3, 2022 |
| | Trial Date:          February 10, 2025 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that Defendant FAY SERVICING, LLC ("Fay") hereby submits its' Response to Plaintiffs MARTIN ENG and LOMBARD FLATS, LLC's (collectively "Plaintiffs") Notice of Automatic Bankruptcy Stay as follows:

///

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC
BANKRUPTCY STAY

### I.  INTRODUCTION

On March 14, 2024, Plaintiffs filed a "Notice of Automatic Stay" in this action, arguing that this action must be stayed due to the recent bankruptcy filing of Plaintiff Lombard Flats, LLC ("Lombard"). For the reasons discussed below, Plaintiffs are mistaken, and this action should proceed.

### II.      DISCUSSION

**A.      Plaintiff Lombard Flats, LLC's Bankruptcy Does Not Stay this Action.**

As soon as a bankruptcy petition is filed, an *automatic stay* goes into effect and generally prevents creditors (and other parties) from taking most actions against property of the bankruptcy estate, the debtor, or the debtor's property. 11 U.S.C. § 362. One of the primary purposes of the stay is to stop creditors from harassing a debtor with lawsuits or other collection attempts that may further dissipate the debtor's energy and financial resources. It also prevents creditors (especially secured creditors) from carrying off assets that are necessary to the debtor's livelihood or business. *In re Schwartz*, 954 F.2d 569, 571. (9th Cir. 1992).

To further this purpose, the stay generally prohibits any act to enforce pre-petition claims against the debtor, the debtor's property, or the property of the bankruptcy estate.  11 U.S.C. § 362, subd. (a)(1) – (8). The stay also protects estate property from various post-petition claims.  11 U.S.C. § 362, subd. (a)(4). Further, the stay generally applies to suspend any non-bankruptcy court's authority to continue judicial proceedings pending *against* the debtor. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3rd Cir. 1991). The stay continues until a court order lifting the stay has been entered or the stay expires.  11 U.S.C. § 362; *In re Mellor*, 734 F.2d 1396, 1398 (9th Cir. 1984).

Notwithstanding the above, the automatic stay does not limit the *debtor's* ability to act. Indeed, since the primary purpose of the automatic stay is to *protect a debtor* from action by a creditor, the stay does *not apply* to actions taken *by* the debtor.  *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994). As a result, defendants in an action commenced *by* the debtor as a plaintiff are *not stayed* from answering the complaint or defending an action.  *Id.* at 338 ("[a]n equitable principle of fairness requires a defendant to be allowed to defend himself . . ."); *see In re White*, 186 B.R. 700, 703 – 07 (9th Cir. BAP 1995) (the defendant's demurrers to debtor plaintiff's suit not stayed); *see In re Miller*, 262 B.R. 499, 507, fn. 11 (9th Cir. BAP 2001) (defense of action initiated by debtor not stayed).

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC
BANKRUPTCY STAY

1    The language of the statute that prescribes the automatic stay is in conformity with this case law.

2    11 U.S.C. § 362, subd. (a)(1) (staying actions "against the debtor"). The automatic stay provisions of the

3    Bankruptcy Code prohibit the continuation of a judicial action "against the debtor" that was commenced

4    before the bankruptcy, § 362(a)(1); the Code also prohibits "any act to obtain possession of property of

5    the estate . . . or to exercise control over property of the estate." § 362 (a)(3). **Where the language of**

6    **the Code is plain, it is to be enforced according to its terms**. *United States v. Ron Pair Enterprises,*

7    *Inc.,* 489 U.S. 235, 241 (1989). Therefore, the primary purpose of § 362 is not applicable to offensive

8    actions by the debtor in possession or bankruptcy trustee. *Merrick,* 175 Bankr. at 336. **<u>Where the</u>**

9    **<u>debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations do not</u>**

10   **<u>exist</u>**. There is no policy of preventing persons whom the bankrupt has sued from protecting their legal

11   rights. *Martin-Trigona,* 892 F.2d at 577.

12   The threshold test is whether the proceeding below was brought against the debtor. An action is

13   "against the debtor" if it was initiated against the debtor. *In re Capgro Leasing Assocs.,* 169 Bankr. 305,

14   311 (Bankr.E.D.N.Y. 1994) (collecting cases); *In re Bellucci,* 119 Bankr. 763, 768 n.6 (Bankr.E.D.Cal.

15   1990). We "examine the proceedings as a whole to determine whether they are, in fact, initiated 'against

16   the debtor.'" *Delpit v. C.I.R.,* 18 F.3d 768, 773 (9th Cir. 1994).

17   *Merrick* involved defendants' prepetition motions for summary judgment to dismiss a lawsuit

18   filed by the debtor in state court. Following the bankruptcy filing, the state court heard the motions and

19   entered summary judgment in defendants' favor. The Chapter 7 trustee filed a complaint in the

20   bankruptcy court against the defendants for willful violation of the automatic stay based on the

21   defendants' post-petition pursuit of dismissal of the state court action. After analyzing Judge Posner's

22   opinion in *Martin-Trigona,* and other cases, the BAP stated that "it is clear that § 362 does not stay the

23   hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the

24   debtor." *Merrick,* 175 Bankr. at 337. Out of fairness, the defendant should be allowed to defend himself

25   from attack, and "the automatic stay should not tie the hands of a defendant while the plaintiff debtor is

26   given free rein to litigate." *Id.* at 338.

27   *In re Way* Court further explained that "[t]he automatic stay of [11 U.S.C.] §362(a) is intended to

28   preserve the status quo and provide a debtor with a breathing spell from its creditors, while

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC
BANKRUPTCY STAY

simultaneously preventing creditors from racing to various courthouses to pursue independent remedies against a debtor." *In re Way*, supra, at 13 (citation omitted). "The primary purposes of §362 do not apply, however, to offensive actions by a debtor…. as the same policy considerations do not exist where the debtor has initiated a prepetition lawsuit against a creditor. **Therefore, we have clearly held that the automatic stay does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action.**" *Id.* (emphasis added); *citing In re White*, 186 B.R. 700, 703 (9th Cir. B.A.P. 1995).

Accordingly, "the automatic stay is 'inapplicable to lawsuits initiated by the debtor.'" *Vinson v. Pacific Gas and Electric Company*, 2017 WL 579890, at *2 (C.D. Cal., Feb. 13, 2017), *citing, In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009), aff'd, 654 F.3d 868 (9th Cir. 2011). Moreover, "a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the automatic stay." *Id.*

In the instant case, the action was clearly initiated by Plaintiff/Debtor nearly two (2) years ago. Plaintiffs filed this action *against Fay* and the other since dismissed defendants. As such, it is not affected by Lombard's recent bankruptcy filing and this action is not stayed. *In re White* (9th Cir. BAP 1995) 186 B.R. 700, 703 – 07.

Plaintiffs' Notice disingenuously states that this action is one where there is a "temporary injunction for eviction of Plaintiff Martin Eng Lee." That is not true. The instant action is one for alleged violations of the Federal Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act. No claim for injunctive relief is alleged. Moreover, there is no pending eviction against Plaintiffs. As Plaintiffs concede in their notice, the foreclosure sale has not taken place *because of* the Bankruptcy Stay. As such, there is not, and could not be, any eviction action pending as to Fay. Accordingly, a stay of this action is not warranted under the law and this action should proceed.

///

///

///

///

///

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC BANKRUPTCY STAY

1

## II.  CONCLUSION

2        For the reasons discussed above, Fay respectfully requests that the Court disregard Plaintiffs'

3   Notice of Automatic Stay and allow this action to proceed.

4

5                                          Respectfully Submitted,

6                                          WRIGHT, FINLAY & ZAK, LLP

7   Dated: March 14, 2024          By:    /s/*Kristina M. Pelletier*

8                                          Kristina M. Pelletier, Esq.
                                           Attorneys for Defendant,
9                                          FAY SERVICING, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC
BANKRUPTCY STAY

**PROOF OF SERVICE**

I, Iryna Brown, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 14, 2024, I served the within **DEFENDANT FAY SERVICING, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC BANKRUPTCY STAY**

on all interested parties in this action as follows:

[X ]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)    addressed as follows:

Reshma Kamath , Esq.
333800 Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084
Menlo Park, CA 94025,
Tel: 650 257 0719
E-mail: reshmakamath2021@gmail.com
[Attorneys for Plaintiffs MARTIN ENG, LOMBARD FLATS LLC et al]

[ ]      (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ X]     (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X ]     (Federal) I declare under penalty of perjury under the laws of the United States of

Executed on March 14, 2024, at Newport Beach, California.

_____
Iryna Brown

DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF AUTOMATIC
BANKRUPTCY STAY