**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH, Cal. Bar No. 333800**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs,
LOMBARD FLATS, LLC and MARTIN ENG LEE

WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendant,
FAY SERVICING, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOMBARD FLATS, LLC; NEW OWNERS GROUP, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A. FAY SERVICING, LLC and DOES 1-100, Inclusive<br><br>Defendant(s). | Case Number: 3:22-cv-05686-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Case Management Conference</u><br>Date: March 21, 2024<br>Time: 11:00 AM<br>Dept: Zoom<br><br>ACTION FILED: 8/30/2022<br>REMOVED:       10/3/2022<br>FAC FILED:      4/28/2023<br>SAC FILED:      8/7/2023 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service.**

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C §§ 1331, 1332 & 1441. No issues exist regarding personal jurisdiction or venue. All named parties have been served.

**2.      Facts.**

Plaintiffs filed a Superior Court, County of San Francisco Complaint, Case # CGC-22-601504 on August 30, 2022. Defendants removed this case to this Court on October 03, 2022. Plaintiffs' prior attorney dismissed Defendant Chase from the case with prejudice on December 14, 2022. Plaintiffs may have additional claims against Defendant Chase. With several Motions to Dismiss, the only defendant remaining is Defendant Fay and the Plaintiffs are Lombard Flats, LLC, and Mr. Martin Eng Lee. The only surviving claims are for violation of the Federal Fair Debt Collections Practices Act and the California Rosenthal Fair Debt Collections Practices Act. Plaintiffs allege Fay engaged in "deceptive" debt collection practices by demanding an inflated loan amount. Fay disputes this claim. Upon association of undersigned counsel, Reshma Kamath, into the afore-captioned matter, Plaintiffs filed a NOTICE OF PENDANCY OF ACTION pending Sheriff Sale on January 30, 2024 and a Trustee Sale in this matter on February 7, 2024. It is Fay's position that the Lis Pendens is improper, and it will move to have it expunged if necessary. The Trustee's Sale set for February 7, 2024 was postponed due to Plaintiffs' filing for Bankruptcy under Chapter 11 (Case No. 24-30047). Fay intends to file a Motion for Relief from Stay in the Bankruptcy.

This action was filed on Plaintiffs behalf by attorney Dennis Rasmussen. On or about March 16, 2023, Mr. Rasmussen withdrew from the case and attorney Matthew Gluck substituted into the action. On or about May 4, 2023, Mr. Gluck withdrew from the case and attorney Sarah Shapero substituted into the action who withdrew from the case.

At present, Counsel Reshma Kamath is the counsel of record for Plaintiffs.

Plaintiff LOMBARD FLATS LLC has a Chapter 11 bankruptcy pending in the CANB court, case number, 3:24-bk-30047. Plaintiffs contend this matter must be **automatically stayed** pursuant to the bankruptcy action – where this is a temporary injunction for eviction of Plaintiff Martin Eng Lee in place. Plaintiffs also contend that the trustee sale scheduled for March 21, 2024 must be postponed until the bankruptcy stay is lifted and terminated.

**3.     Legal Issues**

Defendant Fay asserts that Plaintiffs no longer have standing to prosecute this action while the Chapter 11 Bankruptcy is pending. *See, Tarr v. Merco Construction Engineers, Inc.,* 84 Cal.App.3d 707, 712-713 (1978) (holding chapter 11 debtor had no standing to sue); *see also, People v. Kings Point Corp.* Cal.App.3d 544, 548-549 (1986). As set forth in its' Response to Notice of Automatic Stay, it is Fay's position that this action is not stayed by the recent Bankruptcy filing of Lombard Flats, LLC because this action was filed by the Debtor Lombard against Fay. See, In re Merrick, 175 B.R. 333, 337 (9th Cir. BAP 1994) ("[a]n equitable principle of fairness requires a defendant to be allowed to defend himself . . ."); see also, In re White, 186 B.R. 700, 703 – 07 (9th Cir. BAP 1995) (the defendant's demurrers to debtor plaintiff's suit not stayed); see In re Miller, 262 B.R. 499, 507, fn. 11 (9th Cir. BAP 2001) (defense of action initiated by debtor not stayed). As set forth in its' Response to Notice of Automatic Stay, it is Fay's position that this action is not stayed by the recent Bankruptcy filing of Lombard Flats, LLC because this action was filed by the Debtor Lombard against Fay. See, In re Merrick, 175 B.R. 333, 337 (9th Cir. BAP 1994) ("[a]n equitable principle of fairness requires a defendant to be allowed to defend himself . . ."); see also, In re White, 186 B.R. 700, 703 – 07 (9th Cir. BAP 1995) (the defendant's demurrers to debtor plaintiff's suit not stayed); see In re Miller, 262 B.R. 499, 507, fn. 11 (9th Cir. BAP 2001) (defense of action initiated by debtor not stayed). Plaintiffs assert the matter is automatically stayed pursuant to 11 U.S.C. section 362 bankruptcy code.

### 4. Motions

Chase previously filed a Motion to Dismiss that Plaintiffs did not oppose. They then dismissed Chase from the action with prejudice. Plaintiffs and Fay tried to settle this matter, but no agreement could be reached. Thus, Fay served a dismissal demand on Plaintiffs and filed a Motion to Dismiss that was granted with leave to amend. A First Amended Complaint was filed, and Fay filed another Motion to Dismiss that was granted in part and denied in part. Plaintiff New Owners was dismissed from the action at that time. Plaintiffs Lombard and Martin Eng filed a Second Amended Complaint on August 7, 2023. Dkt 57. Defendants filed a Motion to Dismiss the Second Amended Complaint ("SAC") on August 21, 2023. Dkt 58.

The Motion was granted in part and denied in part. In the Court's Order, U.S. Bank Trust National Association, Not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust was dismissed from the action and Plaintiffs' claim for violation of Business and Professions Code Section 17200 was dismissed. Fay filed an Answer on November 2, 2023. Dkt 66. Following the Motion to Dismiss the SAC, the sole claims remaining in this action are for violation of the Federal Fair Debt Collections Practices Act and the California Rosenthal Fair Debt Collections Practices Act.

Plaintiffs filed an Ex Parte Application for a TRO to enjoin the recording of the Notice of Trustee's Sale on November 20, 2023, contesting the reinstatement amount in the Notice of Default. Dkt 67. On December 21, 2023, the Court denied Plaintiffs' request for a TRO.

If Plaintiffs refuse to withdraw the Lis Pendens, Fay intends to file a Motion to Expunge. Fay also intends to file a Motion for Summary Judgment.

### 5. Amendment of Pleadings

Plaintiffs filed a Second-Amended Complaint on August 7, 2023. Dkt 57.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Additionally, the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evident in this action.

**7.   Disclosures**

Fay served its initial disclosures on Plaintiff January 12, 2023.

Plaintiffs will serve initial disclosures after bankruptcy stay is lifted and terminated.

**8.   Discovery**

Plaintiffs served written discovery on Fay, responses to which were provided December 18, 2023. Fay served written discovery on Plaintiffs on March 13, 2024, the responses to which are due April 12, 2024.

**9.   Class Actions**

Not Applicable

**10.   Related Cases**

There are no presently known related cases or proceedings pending before another judge of this Court or before another Court or Administrative Body.

**11.   Relief**

A.   **Plaintiffs' Position**: Plaintiffs seek actual, general, special, punitive, treble, and compensatory damages. Also, plaintiffs seek Defendants to set aside trustee sale and/or to postpone until a resolution is reached.

B.   **Fay's Position**: Fay denies that Plaintiff is entitled to any relief in this matter, and it is Fay's position that Plaintiffs' claims do not support the postponement or rescission of the sale.

**12.   Settlement and ADR**

The parties have attempted to resolve the matter informally. Plaintiffs rejected Fay's prior offer as being unaffordable and made two counter offers which were rejected. Fay presented an offer with a deadline to accept of January 24, 2024, which was not accepted.

**13.   Other References**

Fay does not believe any ADR would be beneficial at this time since Plaintiffs cannot afford the Loan. Plaintiffs are open to ADR including private mediation. The parties do not believe this case is suitable for reference to arbitration, a special Master or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

The parties have not yet identified any issues that may be narrowed by agreement or motion.

### 15. Expedited Trial Procedure

The parties do not believe that this case may be handled on an expedited basis.

### 16. Scheduling:

On January 22, 2024, the Court entered its Pre-trial Order. The parties do not seek to modify this schedule.

### 17. Trial

Plaintiffs had demanded a timely jury trial in writing prior to the CMC. Plaintiffs have not waived their right to a jury trial. Since plaintiffs did not request a jury trial before this case was removed from state court, Fed.R.Civ.P. 38(b), made applicable by Rule 81(c), required plaintiffs to demand a jury trial within ten days from the filing of the last pleading concerned with the issues for which trial by jury is sought. Plaintiffs contend that the district court in its discretion may order a jury trial on a motion by a party who has not filed a timely demand for one. Fed.R.Civ.P. 39(b). That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand result from an oversight or inadvertence. Lewis v. Time, Inc., 710 F.2d 549, 556-57 (9th Cir. 1983). See Rutledge v. Electric Hose Rubber Co., 511 F.2d 668, 675 (9th Ci  Blau v. Del Monte Corp. (9th Cir. 1984) 748 F.2d 1348. Even when there is no independent or statutory right to a jury trial, parties can mover the court for discretionary relief.

Plaintiffs will move this court after the bankruptcy stay is lifted for a motion for a jury trial. The reason is not merely inadvertence or oversight. The prior attorney was sick when this matter was removed and thereafter per Plaintiffs' understanding. Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd., 239 F.3d 1000, 1003 (9th Cir. 2001). Plaintiffs will inform via motion of this preserving its right to a jury trial – after the automatic bankruptcy stay is lifted.

Defendant Fay prefers a Court Trial and takes the position that plaintiff' demand for a jury trial was untimely. Federal Rules of Civil Procedure, Rule 38 applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal. *See, Mondor v. United States Dist. Court*, 910 F.2d 585, 586 (9th Cir. 1990) (citing *Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983)). Rule 38 requires Plaintiffs to demand a jury trial within fourteen days from "the last pleading directed to the issue." *See, Lutz v. Glendale Union High School Dist.,* 403 F.3d 1061, 1063 (9th Cir., 2005) (where a "[defendant] ha[s] not filed its answer before it removed the case, [Plaintiff is] entitled to demand a jury trial at any time until [14] days after she was served with the answer"); *see also, Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co.,* 244 F.R.D. 608, 609 n.4 (S.D. Cal. 2007) ("Where the defendant does not answer the complaint before removal, the plaintiff may demand a jury trial within [14] days of service of the answer.") (emphasis in original). Here, Fay filed its Answer to the SAC on November 2, 2023, thus, to be timely, Plaintiffs would have had to demand a Jury Trial no later than November 16, 2023. Since Plaintiffs' Jury Demand was not filed until January 21, 2024, it is untimely.

Plaintiffs prefer a Jury Trial and will not waive the right to jury.

**18. Disclosure of Non-party Interested Entities or Persons**

Plaintiffs have not filed the Certification of Interested Entities or Persons.

Fay filed its Certification of Interested Entities or Persons on March 3, 2023.

**19. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| DATED: March 14, 2024 | LAW OFFICE OF RESHMA KAMATH |
| | */S/ Reshma Kamath* |
| | Reshma Kamath,<br>Counsel for Plaintiffs LOMBARD FLATS, LLC, NEW OWNERS GROUP, LLC and MARTIN ENG LEE |
| Dated: March 14, 2024 | WRIGHT FINLAY & ZAK, LLP |
| | /S/ KRISTINA M. PELLETIER, ESQ. |
| | Kristina M. Pelletier, Esq. |
| | Counsel for Defendant, |
| | FAY SERVICING, LLC |