**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH, Cal. Bar No. 333800**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs,
LOMBARD FLATS, LLC and MARTIN ENG LEE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOMBARD FLATS, LLC; <br> NEW OWNERS GROUP, LLC <br><br> Plaintiffs, <br><br> vs. <br><br> JP MORGAN CHASE BANK, N.A. <br> FAY SERVICING, LLC and DOES <br> 1-100, Inclusive <br><br> Defendant(s). | Case Number: 3:22-cv-05686-LB <br><br> **AUTOMATIC BANKRUPTCY STAY APPLIES TO DEBTOR'S PROPERTY OF THE ESTATE AND COLLECTION ACTIONS OF DEFENDANT FAY SERVICING** <br><br> ACTION FILED: 8/30/2022 <br> REMOVED:      10/3/2022 <br> FAC FILED:     4/28/2023 <br> SAC FILED:     8/7/2023 |

**DEBTOR'S PROPERTY OF THE ESTATE FALLS WITHIN AUTOMATIC STAY**

The automatic bankruptcy stay pursuant to 11 U.S.C. section 362 applies to a **DEBTOR'S PROPERTY OF ESTATE, i.e., LOMBARD FLATS PROPERTY, SAN FRANCISCO, CALIFORNIA**. Commencement of a bankruptcy case invokes the automatic stay under 11 U.S.C. §362(a), which protects the debtor and the property of the estate. The filing of a petition for bankruptcy relief creates an automatic stay of actions against debtors and against property of debtors which, at filing, becomes property of the estate. See § 362(a)(1)-(8); see also § 541(a)(1).

Among other actions, the stay operates to prohibit "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §362(a)(6). Where the debtor did not have a single or joint case pending within the previous year, the automatic stay "continues until such property is no longer property of the estate" and continues until the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. §362(c). In re Kasl (Bankr. C.D. Cal., Mar. 20, 2009, SV-05-15311MT). **DEFENDANT FAY SERVICING IS PROHIBITED FROM COLLECTING, ASSESSING, OR RECOVERING A CLAIM AGAINST THE DEBTOR, I.E., PLAINTIFF LOMBARD FLATS, LLC, THAT AROSE BEFORE COMMENCEMENT OF THE CASE.**

As a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate. See 11 U.S.C. §§ 362(a); 541(a) (defining property of the estate); Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc., 125 B.R. 259, 263 (9th Cir. BAP1991) (citation omitted); see also Chugach, 23 F.3d at 246.

Since Defendant FAY servicing is attempting to collect against Plaintiff, i.e., debtor and sell the property in a trustee sale, the AUTOMATIC BANKRUPTCY STAY applies to **DEBTOR's PROPERTY OF THE ESTATE** - even if debtor commenced the action. This means DEBTOR's PROPERTY OF THE ESTATE cannot be foreclosed upon, sold, and/or collected upon. This is a strict reading of the statute. Filing of a bankruptcy petition operates as

an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The bankruptcy statue is actually silent on how the stay applies to debtor-initiated lawsuits. Kamela v. One West Bank FSB (D. Ariz., Dec. 19, 2011, No. CV-11-1357-PHX-GMS). But it does prevent creditors from instituting any property issues pertaining to debtor – whether or not the debtor initiates the lawsuit or not.

Thus, **PLAINTIFFS contend that as much as this case may go on, the DEFENDANT FAY SERVICING is PREVENTED in MARCH 2024 from SELLING IN A TRUSTEE SALE LOMBARD FLATS PROPERTY BELONGING TO PLAINTIFF LOMBARD FLATS, LLC's PROPERTY OF THE ESTATE.**

**DATED: March 16, 2024**                           **LAW OFFICE OF RESHMA KAMATH**

*/S/ Reshma Kamath*

Reshma Kamath,
Counsel for Plaintiffs LOMBARD FLATS, LLC, NEW OWNERS GROUP, LLC
and MARTIN ENG LEE