**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH, Cal. Bar No. 333800**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs,
**LOMBARD FLATS, LLC, NEW OWNER'S**
**GROUP, LLC and MARTIN ENG LEE**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOMBARD FLATS, LLC; NEW OWNERS GROUP, LLC; MARTIN ENG LEE, <br><br> Plaintiffs, <br><br> vs. <br><br> JP MORGAN CHASE BANK, N.A. FAY SERVICING, LLC and DOES 1- 10, Inclusive, <br><br> Defendant(s). | ) Case Number: 3:22-cv-05686-LB <br> ) <br> ) <br> ) **PLAINTIFFS MARTIN LEE ENG, LOMBARD** <br> ) **FLATS LLC AND NEW OWNERS GROUP LLC** <br> ) **'S FRE OBJECTIONS TO THE DECLARATION** <br> ) **OF JANET GIOLLO FOR THE DEFENDANT** <br> ) **FAY SERVICING INC. NOTICE OF MOTION** <br> ) **AND MOTION FOR SUMMARY JUDGMENT** <br> ) **AND/OR IN THE ALTERNATIVE, PARTIAL** <br> ) **SUMMARY ADJUDICATION ON ANY AND** <br> ) **ALL CLAIMS IN COMPLAINT;** <br> ) **MEMORANDUM OF POINTS &** <br> ) **AUTHORITIES** <br> ) <br> )  Date: August 15, 2024. <br> ) <br> ) |

ACTION FILED: 08/30/2022
REMOVED:       10/3/2022
FAC FILED:     4/28/2023
SAC FILED:     8/7/2023

**PLAINTIFFS MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNERS GROUP LLC'S FRE OBJECTIONS TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC. NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION ON ANY AND ALL CLAIMS IN COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**

| Moving Party's Defendant Fay Servicing's JANET GIOLLO Declaration. | Plaintiffs MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNERS GROUP LLC's FRE Objections: |
|---|---|
| 1. I am over the age of eighteen (18) years, and I am employed as a Litigation Representative for Fay Servicing, LLC ("Fay"). In the regular performance of my job functions for Fay, I have access to the business records created and/or maintained by Fay regarding certain secured home loans in the state of California. I have personally reviewed Fay's pertinent business records relating to the subject loan (the "Loan") of Martin Eng ("Borrower"), which is secured by the real property located at 949-953 Lombard St., San Francisco, California ("the Property") via a recorded Deed of Trust. These business records (which include, but are not limited to, data compilations and electronically imaged and/or inputted documents) were created and/or maintained in Fay's regular course of business at or near the time of the act, condition or event reflected in such records by, or from information provided by, persons with knowledge of the act, condition or event reflected in such records. Fay relies on these records in conducting its regular course of business. Each record attached to this declaration is a business record created and/or maintained by Fay in its regular course of business relating to the Loan and Property, and I am familiar with the mode in which Fay created and/or | 1. Objection, Evid. Code section 901. Lack of Authentication. <br> 2. Objection, Hearsay. <br> **3. Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.** <br> **4. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.** <br> **5. Objection, Lacks Foundation.** <br> 6. The exception doesn't apply Federal Rule of Evidence 803(6): <br> -The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge <br> -The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity <br> -The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original. <br> -The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation <br> 7. Objection, the CHAIN OF CUSTODY was |

1

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

| | |
|---|---|
| maintained these records. To the extent that the business records of the Loan in this matter were created by a prior servicer, the prior servicer's records for the Loan were integrated and boarded into Fay's systems, such that the prior servicer's records concerning the Loan are now part of Fay's business records. Fay maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. To that end, it is Fay's regular business practice to review those records created by prior servicer and verify that the records are complete and accurate. It is the regular business practice of Fay to integrate prior servicers' records into Fay's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. Except as otherwise asserted on information and belief, this declaration is based on my personal review of Fay's business records relating to the Loan and the Property, which include all the business records attached as exhibits to this declaration, and I can and will testify under penalty of perjury as to the truthfulness of my statements in this declaration upon being duly sworn. | not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1. <br> 8. REASONABLE CERTAINTY test not met. <br> 9. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity. <br> 10. Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406. <br> 11. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed. <br> 12. **Objection, Lacks Foundation.** <br> 13. **Objection, Opinion Testimony does not meet the rules of law and expert laws.** <br> 14. **Janet FAILS to be an Expert or have Expert Status.** <br> 15. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |
| Moving Party's Undisputed Material Facts and Supporting Evidence: <br><br> 3. Based on my personal knowledge following my review of Fay's business records for the Loan, I state that on or about November 21, 2005, Borrower obtained the Loan by executing an adjustable-rate promissory note (the | Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702. <br><br> Objection, Hearsay. <br><br> Objection, the source of information and the method or circumstances of preparation indicate a |

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.



| | |
|---|---|
| "Note") in the principal amount of $3,210,500.00 (the "Loan") in favor of the originating lender Washington Mutual ("WAMU") and its successors and assigns. A true and correct copy of the Note, as contained in Fay's business records for the Loan, is attached hereto as Exhibit A and incorporated herein by reference. | lack of trustworthiness.<br><br>Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.<br><br>Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.<br><br>No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.<br><br>**Objection, Lacks Foundation.**<br><br>**Objection, Opinion Testimony does not meet the rules of law and expert laws.**<br><br>**Janet FAILS to be an Expert or have Expert Status.**<br><br>**Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 8. Based on my personal knowledge following my review of Fay's business records for the Loan, I state that, in 2008, WAMU was taken into receivership by the FDIC. On September 25, 2008, JP Morgan Chase Bank, N.A. ("Chase") acquired WaMu's assets from the FDIC through a Purchase and Assumption Agreement ("P&A | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. Lack of Authentication.<br>2. Objection, Hearsay.<br>3. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with |

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

 RESHMA KAMATH

Agreement"). With few exceptions, Chase acquired "all of the assets" of WaMu. Through the P&A Agreement, Chase "purchase[d] all mortgage servicing rights and obligations" of WaMu. The servicing rights to the Loan were thus assets obtained by Chase from the FDIC. A true and correct copy of the Purchase and Assumption Agreement, as contained in Fay's business records for the Loan, is attached hereto as Exhibit E and incorporated herein by reference.

knowledge

-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity

-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.

-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation

4. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.

5. REASONABLE CERTAINTY test not met.

6. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.

7. Objection, Hearsay.

8. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.

9. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.
**Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**

10. **NON-CERTIFIED DOCUMENTS.**

11. **Objection, OPINION TESTIMONY. "following my review."**

12. **Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**

13. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee**

4

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

|  | with personal knowledge. Rule 406. |
|---|---|
|  | 14. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed. |
|  | 15. Objection, Lacks Foundation. |
|  | 16. Objection, Opinion Testimony does not meet the rules of law and expert laws. |
|  | 17. Janet FAILS to be an Expert or have Expert Status. |
|  | 18. Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS. |

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 9. Based on my personal knowledge following my review of Fay's business records for the Loan, I state that, on November 1, 2008, Borrower and Chase entered an agreement to modify the Loan. Pursuant to the Loan Modification, the Loan's maturity date was changed to November 1, 2013. A true and correct copy of the Loan Modification Agreement, as contained in Fay's business records for the Loan, is attached hereto as Exhibit F and incorporated herein by reference. 10. Based on my personal knowledge following my review of Fay's business records for the Loan, I state that, on or about August 3, 2009, Lombard filed a petition for Bankruptcy under Chapter 11 ("2009 BK"). In the Bankruptcy petition | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. Lack of Authentication.<br>2. Objection, Hearsay.<br>3. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.<br>-The records give rise to untrustworthiness, and courts may be more skeptical of records |

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYLAWSTLAWYER.COM

Lombard identified the Property as its sole asset and it
identified the Loan (among others) as a debt of Lombard. A true and correct copy of the 2009 BK
Petition, as contained in Fay's business records for the Loan, is attached hereto as Exhibit G and
incorporated herein by reference.

that are less regular or made in anticipation of litigation
4. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.
5. REASONABLE CERTAINTY test not met.
6. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.
7. Objection, Hearsay.
8. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.
9. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.
**Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**
10. **NON-CERTIFIED DOCUMENTS.**
11. **Objection, OPINION TESTIMONY. "following my review."**
12. **Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**
13. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**
14. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**
15. **Objection, Lacks Foundation.**
16. **Objection, Opinion Testimony does not meet the rules of law and expert laws.**
17. **Janet FAILS to be an Expert or have**

6

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

| | |
|---|---|
| | **Expert Status.**<br>**18. Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 11. Based on my personal knowledge following my review of Fay's business records for the Loan, I state that, on July 19, 2010, Lombard filed a proposed reorganization plan that was confirmed by the Bankruptcy Court on July 19, 2010. Pursuant to the confirmed plan, Lombard was required to make monthly payments on the Loan to Chase, or its successors, for a period of ten (10) years. Pursuant to the approved plan, the new maturity date for the Loan was August 15, 2020. A true and correct copy of the Reorganization and Order of Confirmation, as contained in Fay's business records for the Loan, is attached hereto as Exhibit H and incorporated herein by reference.<br>12. Based on my personal knowledge following my review of Fay's business records, I state that, on or about May 3, 2013, the Bankruptcy Court entered a Consent Order modifying the Order of Confirmation with respect to Chase and requiring that Lombard pay an additional $1,780.93 to Chase to reimburse it for funds advanced by Chase for real property taxes and insurance for the Property. In addition to reimbursing Chase for the advanced taxes and insurance, Lombard | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. Lack of Authentication.<br>2. Objection, Hearsay.<br>3. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.<br>-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation<br>4. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.<br>5. REASONABLE CERTAINTY test not met.<br>6. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.<br>7. Objection, Hearsay. |

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

was also required to make monthly payments for future taxes and insurance. A true and correct copy of the Order, as contained in Fay's business records for the Loan, is attached hereto as Exhibit I and incorporated herein by reference.

8. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.
9. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity. **Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**
10. **NON-CERTIFIED DOCUMENTS.**
11. **Objection, OPINION TESTIMONY. "following my review."**
12. **Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**
13. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**
14. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**
15. **Objection, Lacks Foundation.**
16. **Objection, Opinion Testimony does not meet the rules of law and expert laws.**
17. **Janet FAILS to be an Expert or have Expert Status.**
18. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.**

8

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYCRYSTALAWYER.COM

| Moving Party's Declaration. | Plaintiffs' Objection |
|---|---|
| 13. a. On or about September 5, 2019, Chase received a payment in the amount of $9,500 for the Loan, but at that time, the monthly payment due for the Loan was $12,712,98. The Loan was also past due for the payments due in July 2019 and August 2019. Thus, this payment was held in suspense for the Loan. b. On or about October 9, 2019, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still past due for the payments due in July 2019, August 2019, and September 2019. Thus, $12,712,98 was moved from suspense and applied to the July 2019 payment. After this, the Loan was due for the August through October 2019 payments. c. On or about November 6, 2019, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still due for the August 2019, September 2019, and October 2019 payments. Thus, $12,712,98 was moved from suspense and applied to the August 2019 payment. d. On or about December 10, 2019, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still due for the September 2019, October 2019, and November 2019 payments. Thus, $12,712,98 was moved from suspense and applied to the September 2019 payment. e. On or about January 15, 2020, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still due for the October 2019, November 2019, December 2019 and January 2020 payments. Thus, the funds were held in the suspense account for | 1. Objection, Evid. Code section 901. Lack of Authentication. 2. Objection, Hearsay. 3. The exception doesn't apply Federal Rule of Evidence 803(6): -The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge -The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity -The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original. -The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation 4. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1. 5. REASONABLE CERTAINTY test not met. 6. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702. 7. Objection, Hearsay. **Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.** 8. **NON-CERTIFIED DOCUMENTS.** 9. **Objection, OPINION TESTIMONY. "following my review."** 10. **Declarant Janet FAILS to have personal knowledge at the time the record was maintained.** 11. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness. |

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
www.myjustlawyer.com

| | |
|---|---|
| the Loan.<br>f. On or about February 10, 2020, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still due for the October 2019, and November 2019,<br>December 2019 and January 2020 payments. Thus, $12,712.98 was moved from suspense and applied to the October 2019 payment.<br>g. On or about March 13, 2020, Chase received a payment in the amount of $9,500 for the Loan. At that time, the Loan was still due for the November 2019, December 2019, January 2020<br>and February 2020 payments. Thus, $12,712.98 was moved from suspense and applied to the November 2019 payment.<br>h. After March 13, 2020, Chase did not receive any additional payments for the Loan. Thus, the Loan remained due for December 2019 and all payments due thereafter. A true and correct copy of the payment history for the Loan from 2017 to August 2020, as contained in Fay's<br>business records for the Loan, is attached hereto as Exhibit J and incorporated herein by reference. | 12. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.<br>**13. Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**<br>**14. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**<br>**15. Objection, Lacks Foundation.**<br>**16. Objection, Opinion Testimony does not meet the rules of law and expert laws.**<br>**17. Janet FAILS to be an Expert or have Expert Status.**<br>**18. Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |
| Moving Party's Undisputed Material Facts and Supporting Evidence:<br><br>14. Based on my personal knowledge following my review of Fay's business records, I state that as of January 26, 2022, the Loan remained in default and had not been paid in full. Thus, Chase sent Lombard a Notice of Default (Notice of Intent to Foreclose). The letter advised Lombard of the default on the Loan, and informed Lombard that foreclosure proceedings would be initiated if the Loan was not | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. Lack of Authentication.<br>2. Objection, Hearsay.<br>**3. Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**<br>**4. NON-CERTIFIED DOCUMENTS.**<br>**5. Objection, OPINION TESTIMONY. "following my review."**<br>**6. Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**<br>7. The exception doesn't apply Federal Rule |

.

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

paid off by March 2, 2022. A true and correct copy of the Notice of Intent to Foreclose, as contained in Fay's business records for the Loan, is attached hereto as Exhibit K and incorporated herein by reference.

of Evidence 803(6):

-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge

-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity

-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.

-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation

8. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.

9. REASONABLE CERTAINTY test not met.

10. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.

11. Objection, Hearsay.

12. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.

13. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.

14. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**

15. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the**

11

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

|  | business, thus, personal knowledge **CANNOT BE presumed.**<br>16. **Objection, Lacks Foundation.**<br>17. **Objection, Opinion Testimony does not meet the rules of law and expert laws.**<br>18. **Janet FAILS to be an Expert or have Expert Status.**<br>19. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |
|---|---|

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 15. Based on my personal knowledge following my review of Fay's business records, I state that on or about August 1, 2022, Chase transferred the servicing of the Loan to Fay. At the time of the service transfer, Lombard had not paid off the Loan, thus, the entire Loan balance remained due. Between August 1, 2022 and August 30, 2022, Fay did not receive any calls from Eng or requests for a loan modification. A true and correct copy of the Welcome Letter sent by Fay to Borrower, as contained in Fay's business records for the Loan, is attached hereto as Exhibit L and incorporated herein by reference. | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. Lack of Authentication.<br>2. Objection, Hearsay.<br>3. **Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**<br>4. **NON-CERTIFIED DOCUMENTS.**<br>5. **Objection, OPINION TESTIMONY. "following my review."**<br>6. **Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**<br>7. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy |

12

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYLAWYER.COM

not original.

-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation

8. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.

9. REASONABLE CERTAINTY test not met.

10. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.

11. Objection, Hearsay.

12. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.

13. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.

14. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**

15. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**

16. **Objection, Lacks Foundation.**

17. **Objection, Opinion Testimony does not meet the rules of law and expert laws.**

18. **Janet FAILS to be an Expert or have Expert Status.**

19. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.**

13

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYCASELAWYER.COM

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 16. Based on my personal knowledge following my review of Fay's business records, I state that on or about November 3, 2022, the Note and Deed of Trust were transferred and ultimately were delivered and assigned to U.S. Bank Trust National Association, Not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust ("the Trust"). The Trust is the current owner of the Loan and beneficiary of the Deed of Trust. A true and correct copy of the recorded Assignment of Deed of Trust, as contained in Fay's business records for the Loan, is attached hereto as Exhibit M and incorporated herein by reference. | Plaintiffs' Objection<br><br>**1. Defendant Fay's personal knowledge cannot extend to third-party, U.S. Bank Trust National Association. HEARSAY.**<br>2. Objection, Evid. Code section 901. Lack of Authentication.<br>3. Objection, Hearsay.<br>**4. Records of Documents That Affect an Interest in Property were not properly pulled from trusted sources.**<br>**5. NON-CERTIFIED DOCUMENTS.**<br>**6. Objection, OPINION TESTIMONY. "following my review."**<br>**7. Declarant Janet FAILS to have personal knowledge at the time the record was maintained.**<br>8. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.<br>-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation<br>9. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 |

.

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYCASELAWYER.COM

| | |
|---|---|
| | Cal.2d 566, 305 P.2d 1. |
| | 10. REASONABLE CERTAINTY test not met. |
| | 11. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702. |
| | 12. Objection, Hearsay. |
| | 13. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness. |
| | 14. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity. |
| | **15. Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.** |
| | **16. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.** |
| | **17. Objection, Lacks Foundation.** |
| | **18. Objection, Opinion Testimony does not meet the rules of law and expert laws.** |
| | **19. Janet FAILS to be an Expert or have Expert Status.** |
| | **20. Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| | |

15

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.



17. Based on my personal knowledge following my review of Fay's business records, I state that, as of August 2023, the Loan remained in default and due in full, thus, the trustee of the Deed of Trust recorded a Notice of Default and Election to Sell on August 22, 2023. At this time, the Loan was still past due for December 2019 and all payments due thereafter. Since the monthly payments due on the Loan were interest only payments, the December payment was comprised of the prior thirty (30)

days' interest. Thus, the Notice of Default states the Loan is in default and due for: "the balance of

principal which became due on 8/15/2020, with interest from 11/15/2019 along with late charges,

foreclosure fees and costs any legal fees or advances that have become due." A true and correct copy of

the recorded Notice of Default, as contained in Fay's business records for the Loan, is attached hereto as

Exhibit N and incorporated herein by reference.

Plaintiffs' Objection

1. **Objection, No Notice of Default ever served upon LLC Plaintiffs nor LLC's agent for service of process, nor MARTIN ENG.**
2. Objection, Evid. Code section 901. Lack of Authentication.
3. Objection, Hearsay.
4. **EXHIBIT N not authenticated.**
5. The exception doesn't apply Federal Rule of Evidence 803(6):
   -The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge
   -The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity
   -The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.
   -The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation
6. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.
7. REASONABLE CERTAINTY test not met.
8. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.
9. Objection, Hearsay.
10. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.
11. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a

16

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

| | |
|---|---|
| | regularly conducted activity. |
| | **12. Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.** |
| | **13. No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.** |
| | **14. Objection, Lacks Foundation.** |
| | **15. Objection, Opinion Testimony does not meet the rules of law and expert laws.** |
| | **16. Janet FAILS to be an Expert or have Expert Status.** |
| | **17. Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.** |

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 18. Based on my personal knowledge following my review of Fay's business records, I state that, as of January 4, 2024, the Loan remained in default and due in full, thus, the trustee of the Deed of Trust noticed a Trustee's Sale for February 7, 2024. At this time, the Loan was still past due for December 2019 and all payments due thereafter. A true and correct copy of the recorded Notice of Trustee's Sale, as contained in Fay's business records for the Loan, is attached hereto as Exhibit O and incorporated herein by reference. | Plaintiffs' Objection<br><br>1. Objection, Evid. Code section 901. **Lack of Authentication for Exhibit O.**<br>2. Objection, Hearsay.<br>3. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with |

.

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH

obvious signs of alteration – even if a copy not original.

-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation

4. Objection, the CHAIN OF CUSTODY was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.

5. REASONABLE CERTAINTY test not met.

6. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.

7. Objection, Hearsay.

8. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.

9. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.

10. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**

11. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**

12. **Objection, Lacks Foundation.**

13. **Objection, Opinion Testimony does not meet the rules of law and expert laws.**

14. **Janet FAILS to be an Expert or have Expert Status.**

15. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.**

18

.

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

| | |
|---|---|

| Moving Party's Undisputed Material Facts and Supporting Evidence: | Opposing Party's Response and Supporting Evidence: |
|---|---|
| 20. Based on my personal knowledge following my review of Fay's business records, I state that, on May 24, 2024, following the Bankruptcy Trustee's Report, the Bankruptcy was closed. At no time while this Bankruptcy was pending did Fay receive any notice from the Trustee that he was abandoning the claims in Plaintiffs' Second Amended Complaint. True and correct copies of the online docket for Case Number 3:24bk30047 and Final Decree, as contained in Fay's business records for the Loan, are attached hereto as Exhibits S and T, respectively, and incorporated herein by reference.<br><br>21. Based on my personal knowledge following my review of Fay's business records, I state that, since Fay started servicing the Loan in August 2022, it has not received any payments for the Loan, or any applications for a Loan modification. | Plaintiffs' Objection<br><br>1. Plaintiffs have made SEVERAL LOAN MODIFICATION APPLICATIONS to DEFENDANT FAY.<br>2. **Janet lacks Credibility and Trustworthiness as an affiant – perjuring under oath.**<br>3. Plaintiffs have made SEVERAL OFFERS TO PAY PARTIALLY. **Defendants have failed to include in the MSJ or Declaration of Janet.**<br>4. Plaintiffs have made SEVERAL OFFERS TO PAY $9,000 to $12,500 per month. **Defendants have failed to include in the MSJ or Declaration of Janet.**<br>5. Objection, Evid. Code section 901. **Lack of Authentication.**<br>6. **Objection, Hearsay.**<br>7. The exception doesn't apply Federal Rule of Evidence 803(6):<br>-The records were not made in the normal course of business, not at or near the time of the event, and not by someone with knowledge<br>-The records were not kept in the course of a regularly conducted activity, and making the record must be a regular practice of that activity<br>-The records do not appear to be an ordinary routine record of the business with obvious signs of alteration – even if a copy not original.<br>-The records give rise to untrustworthiness, and courts may be more skeptical of records that are less regular or made in anticipation of litigation<br>8. Objection, the **CHAIN OF CUSTODY** |

19

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.

RESHMA KAMATH
WWW.MYLEGALLAWYER.COM

was not established. People v. Riser (1956) 47 Cal.2d 566, 305 P.2d 1.

9. **REASONABLE CERTAINTY test not met**.

10. Objection, Moving party's declarant, Janet, fails to have personal knowledge of any matters because she attests under oath that she recovered the materials from the predecessor, Chase or whoever the prior bank was. Objection, FRE R. 702.

11. Objection, Hearsay.

12. Objection, the source of information and the method or circumstances of preparation indicate a lack of trustworthiness.

13. Objection, Absence of a Record of a Regularly Conducted Activity. Defendant Fay fails to have to any record that the predecessor's records were record of a regularly conducted activity.

14. **Objection, JANET fails to be the employee or agent who made the entry into the records must have had personal knowledge of the event or have received the information from another employee with personal knowledge. Rule 406.**

15. **No transmission of information from one employee to another. The information in the record DOES NOT appear to come from someone who worked for the business, thus, personal knowledge CANNOT BE presumed.**

16. Objection, Lacks Foundation.

17. Objection, Opinion Testimony does not meet the rules of law and expert laws.

18. **Janet FAILS to be an Expert or have Expert Status.**

19. **Janet FAILS to be a CUSTODIAN of RECORDS, or any foundation as to her as CUSTODIAN of RECORDS.**

DATED: JULY 22, 2024,          LAW OFFICE OF RESHMA KAMATH

*/S/ Reshma Kamath*

**RESHMA KAMATH,**

**Counsel for Plaintiffs MARTIN LEE ENG, LOMBARD FLATS LLC, and NEW OWNER'S GROUP LLC**

.

RESHMA KAMATH
WWW.MYINITIALAWYER.COM

OBJECTION TO THE DECLARATION OF JANET GIOLLO FOR THE DEFENDANT FAY SERVICING INC.