**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH, Cal. Bar No. 333800**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs,
**LOMBARD FLATS, LLC, NEW OWNER'S GROUP, and MARTIN ENG LEE**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN ENG; LOMBARD FLATS, LLC; and NEW OWNERS GROUP, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A. FAY SERVICING, LLC and DOES 1-100, Inclusive,<br><br>Defendant(s). | Case Number: 3:22-cv-05686-LB<br><br>**PLAINTIFFS MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNERS GROUP LLC'S OPPOSITION AGAINST THE DEFENDANT FAY SERVICING INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION ON ANY AND ALL CLAIMS IN COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; SANCTIONS REQUESTED IN THE AMOUNT OF $6,758 AGAINST DEFENDANT FAY SERVICING, INC. AND ITS ATTORNEY, KRISTINA M. PELLETIER.**<br><br>Dated: August 15, 2024<br>Judge: Hon. Laurel Beeler<br>Appearance: TBA/Remote.<br><br>ACTION FILED:  08/30/2022<br>REMOVED:         10/3/2022<br>FAC FILED:         4/28/2023<br>SAC FILED:         8/7/2023 |

**OPPOSITION TO MSJ.**

Plaintiffs MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNER'S GROUP LLC submit the Opposition against Defendant FAY SERVICING, INC. and its attorney KRISTINA M. PELLETIER's frivolous Motion for Summary Judgment.

Plaintiffs MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNER'S GROUP LLC request SANCTIONS against DEFENDANT FAY SERVICING, INC. and KRISTINA M. PELLETIER.

Plaintiffs MARTIN LEE ENG, LOMBARD FLATS LLC and NEW OWNER'S GROUP LLC request DEFENDANT FAY SERVICING, INC.'s MOTION FOR SUMMARY JUDGMENT be *DENIED in its entirety*.

**PROCEDURAL ARGUMENT**

Defendant Fay Servicing, Inc. and its attorney KRISTINA M. PELLETIER FAILED to submit a SEPARATE STATEMENT OF UNDISPUTED OR UNCONTROVERTED FACTS. [See ECF Dkt. 118].

This is itself forms sufficient grounds to DENY the MOTION FOR SUMMARY JUDGMENT.

Defendant Fay Servicing, Inc. and its attorney KRISTINA M. PELLETIER FAILED to submit a REQUEST FOR JUDICIAL NOTICED-FACTS. Rather they attached as HEARSAY several unauthenticated exhibits to a declaration that lacked foundation and lacked credibility while not based on personal knowledge and with no hearsay exception applicable to it. [See ECF Dkt. 118, Declaration of Janet Giollo; See ECF Dkt. 122-123, Plaintiffs' Objection to the Declaration of Giollo.]

If this court remembers, during the case-management conference, Defendant Fay's attorney demanded all the documents to be sealed in Plaintiffs' production, yet KRISTINA M.

RESHMA KAMATH

PELLETIER has openly filed on the docket publicly all the documents in Defendant Fay's Declaration of Janet Giollo.

This shows how deceptive, ill-willed and gamesmanship-prone, Defendant Fay Servicing, Inc. and its attorney, KRISTINA M. PELLETIER are. Sanctions must be awarded.

### SUBSTANTIVE ARGUMENT

### ARGUMENT – THERE IS A GENUINE ISSUE OF CREDIBLE, MATERIAL DISPUTED FACT IN THE FDCPA LENDING CAUSES OF ACTION AGAINST DEFENDANT FAY SERVICING, INC.

### I. PLAINTIFFS AS DEBTORS HAVE STANDING TO ASSERT THE CLAIMS BECAUSE THEY WERE INITIATED PRIOR TO ANY AND BANKRUPTCIES THAT DEFENDANT FAY IS WRONGLY ALLUDING TO.

Plaintiffs contend that this case was initiated long before any Ch. 11 or Ch. 7 bankruptcy. This case predated any bankruptcy from January 2024 that Defendant Fay is alluding to. contention. It is true that, generally, a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy. *Brassfield v. Jack McLendon Furniture, Inc.,* 953 F.Supp. 1424, 1433 (M.D.Ala. 1996); *Erickson v. Baxter Healthcare,* 94 F.Supp.2d 907, 912-13 (N.D.Ill. 2000).

Plaintiffs further contend that this is a case against predatory lending practices of Defendant Fay Servicing, Inc. against Plaintiff Martin Lee Eng. It has absolutely no basis in the bankruptcy estate. Only the property on Lombard Hills belongs within the purview and jurisdiction of the bankruptcy Estate – not necessarily the practices of predatory lending practices. Unlike the Rosenthal Act, the FDCPA only regulates conduct of third party debt collectors, not a consumer's creditors. … *Pickering v. Coast Center for Orthopedic Arthroscopic Surgery & Treatment* (Apr. 8, 2009, D051679); 15 U.S.C. § 1692a(6) [providing that such a creditor is a "debt collector" thereunder].)

Plaintiffs' Chapter 11 bankruptcy for Debtor Lombard Flats LLC was the only plaintiff

Case 3:22-cv-05686-LB   Document 125   Filed 07/22/24   Page 4 of 11

affected in this – where that bankruptcy was against Legal Recovery LLC. The Lombard Flats' property and the litigation with Defendant Fay Servicing were listed as assets on the bankruptcy schedules for Plaintiff Lombard Flats LLC.

Defendant Fay has not produced any evidence as to otherwise.

Then, the question of whether a particular party, herein, Defendant Fay, is a "debt collector" within the meaning of the Federal Act is generally a question of fact, to be determined from the surrounding circumstances. See, e.g., *Romine v. Diversified Collection Services, Inc.* (9th Cir. 1998) 155 F.3d 1142, 1147-1150; *Jenkins v. Heintz* (7th Cir. 1994) 25 F.3d 536, 539 [defendant's activities rather than formal status as a collection agency determine whether defendant is a "debt collector" under the Federal Act]; *Pickering v. Coast Center for Orthopedic Arthroscopic Surgery & Treatment* (Apr. 8, 2009, D051679) [pp. 1]. Defendant Fay has not pushed back on any issue that its activities preclude it from terming it as a "debt collector."

Plaintiff Lombard's Chapter 7 bankruptcy estate was created when it filed its bankruptcy petition in January 2024. Accordingly, any causes of action that accrued prior to that date belonged to the bankruptcy estate and **only reverted to plaintiffs if they were properly listed as assets in the bankruptcy proceedings.** A cause of action belongs to the debtor at the time of the bankruptcy filing (and thus is transferred into the bankruptcy estate) **if the cause of action had "accrued" at the time.** *State Farm Life Ins. Co. v. Swift* (5th Cir. 1997) 129 F.3d 792, 795; see *Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 947.

To determine **accrual** for this purpose, bankruptcy courts look to applicable state law. *Cusano, supra*, at p. 947.

Under California law, **"[a] cause of action accrues 'when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation."** *Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797. To determine when a cause of action accrues, we look to

3

PLAINTIFFS' OPPOSITION

RESHMA KAMATH

state law. In re Folks, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997). It is important, however, to distinguish principles of accrual from principles of discovery and tolling, which may cause the statute of limitations to begin to run after accrual has occurred for purposes of ownership in a bankruptcy proceeding. *In re Swift*, 129 F.3d 792, 796, 798 (5th Cir. 1997.

The fact a statute of limitations has not yet commenced does not necessarily affect whether the cause of action accrued for purposes of determining the scope of the bankruptcy estate. *Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 947-948.

The FDCPA and RFDCPA causes of action had accrued. The causes of action pertaining to the Lombard Flats property had reverted to the plaintiffs as the property was properly listed in the bankruptcy schedule as an asset.

### i. WRONGDOING, HARM AND CAUSATION ALL EXISTED AND PREDATED BANKRUPTCY CH. 11/CH.7 ESTATE.

For the FDCPA, elements of "wrongdoing, harm and causation" all existed prior to the bankruptcy in January 2024. Just a cursory review of the docket and the motion for summary judgment shows that the matter started in the year 2015 and then went on to affect Plaintiffs Martin Eng, and the LLC-plaintiffs much later in the years 2019, 2020 and thereafter.

### ii. PROPERTY OF LOMBARD FLATS AND LITIGATION WITH FAY SERVICING LISTED IN THE SCHEDULE (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.252.)

"[A] Chapter 7 debtor may not prosecute on his or her own a cause of action belonging to the bankruptcy estate **unless the claim has been abandoned by the trustee**." *Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1081.

The claims were abandoned by the trustee in Plaintiff Lombard Flats LLC's Ch. 11/Ch.7 bankruptcy. The property was formally scheduled in the asset schedule. "[P]roperty not formally scheduled in the bankruptcy proceeding is not abandoned at the close of the bankruptcy proceeding . . . . [Citation.]" *M & M Foods, Inc. v. Pacific American Fish Co., Inc*. (2011) 196 Cal.App.4th 554, 563; 11 U.S.C. § 554(d); *Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 945-946.

The Lombard Flats property was listed as an asset in Ch. 11 and Ch. 7 Estate and thus abandoned or reverted to Plaintiff Lombard Flats LLC.

A true and correct copy of the ASSETS and the SCHEDULE listing Defendant FAY SERVICING, INC. as disputed, and the LOMBARD FLATS property is submitted in **EXHIBIT A** in a sealed document.

### iii.  THE CHAPTER 11 BANKRUPTCY DOES NOT AFFECT PLAINTIFFS-DEBTORS MARTIN LEE ENG AND NEW OWNERS GROUP LLC.

Neither Martin Eng nor New Owners Group LLC have filed a bankruptcy. Only Plaintiff Lombard Flats LLC.

### iv. THE BANKRUPTCY ESTATE CAN BE A PLAINTIFF IN AN AMENDED COMPLAINT.

Though this court may conclude on the facts alleged that the FDCPA and RFDCPA causes of action, as well as the LOMBARD FLATS property, are property of the bankruptcy estate, the conclusion is not necessarily fatal to plaintiffs' ability to allege the claim.

"The California Supreme Court has held that if the facts of the cause of action against the defendant would not be 'wholly different' after amendment, a complaint filed by a party without standing may be amended to substitute in the real party in interest." *Cloud v. Northrop Grumman*

5

PLAINTIFFS' OPPOSITION

*Corp.* (1998) 67 Cal.App.4th 995, 1001, 1005.

Accordingly, where, as here, a cause of action asserted by a plaintiff remains in a bankruptcy estate, the complaint may be amended to substitute the bankruptcy trustee as plaintiff. Id. at pp. 1004-1005.

["Although the original complaint does not state a cause of action in the plaintiff, the amended complaint by the right party restates the identical cause of action, and amendment is freely allowed"].)

Alternatively, the trustee could abandon the claims and thereby provide plaintiffs with standing to bring the claims themselves. (Id. at p. 1003 [describing three methods by which property of a bankruptcy estate can be abandoned].)

There is a reasonable possibility plaintiffs can plead sufficient facts in a further amended complaint to state a viable FDCPA/RFDCPA causes of action against the bankruptcy estate as Plaintiff —particularly if plaintiffs are able to meet obligations to more specifically describe the alleged wrongdoing. This does not necessarily mean that plaintiffs have a valid cause of action for FDCPA or RFDCPA. Rather, consistent with the well-established standard at this stage of the proceedings, the court must hold only that there is a reasonable possibility that plaintiffs could plead such a claim.

**II.     PLAINTIFFS' CLAIM PROPERLY BELONGS WITHIN THE FEDERAL DEBT COLLECTION PRACTICES ACT (FDCPA)**

**A. PLAINTIFFS' CLAIMS SURVIVED AND WITHSTOOD THE TEST OF A DEMURRER.**

**I. PLAINTIFFS ARE 'CONSUMERS' WITHIN THE STATUTORY MEANING AND DEFENDANT IS A DEBT-COLLECTOR**

To be held liable for violation of the FDCPA, Defendant Fay must fall within the FDCPA's definition of "debt collector." *Jara v. Aurora Loan Servs*. (N.D.Cal. 2012) 852

F.Supp.2d 1204, 1210.

The term "debt collector" is defined in title 15 United States Code section 1692a(6) as follows:

> "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

The courts which have looked at the definition of "debt collector" have uniformly held that the FCDPA does not apply to a bank acting to collect a debt owed to itself. See *Thomasson v. Bank One, Louisiana, N.A.* (E.D.La. 2001) 137 F.Supp.2d 721, 724 [in collecting on its own debts, a bank does not meet the criteria of a 'debt collector' pursuant to the FDCPA "because as a bank it primarily loans money to consumers rather than collects outstanding debts"].

<u>*In this instant case*</u>, Defendant Fay's activities were collecting debt from plaintiffs, and thus, it is a debt collector pursuant to the FDCPA. There is no dispute as to this fact that Defendant Fay is a 'debt collector' because in its moving papers, Defendant Fay didn't make any argument as to otherwise. For the FDCPA, there is a genuine issue of material, credible fact.

A true and correct copy of the documents listed in **Exhibit B are the loan documents that Plaintiff has in his possession, care, control and custody.**

### III.     DEFENDANT FAY SERVICING, INC., VIOLATED THE FDCPA

#### a. DEFENDANT FAY OFFERS NO PROOF AND NO EVIDENCE THAT IT DIDN'T VIOLATE THE FDCPA.

The interrogatories that Defendant Fay Servicing Inc. brings in are not only poorly-worded, but they're also secondary evidentiary sources. They cannot be used in place of documentary evidence that Plaintiffs have produced.

The interrogatories ask, "do you contend" – they fail to ask "do you admit?". Thus, none of the responses can be considered admissions under oath. They're merely contentions.

7

The lay-person definition of a 'contention' is a 'heated disagreement' or an 'assertion.'

The legal definition of 'contention interrogatory' is any question that asks another party to indicate what it contends; a question asking another party whether it makes some specified contention; a question asking an opposing party to state all facts on which it bases some specified contention; a question asking] the responding party to take a position, and then to explain and defend that position, with respect to how the law applies to facts; a question asking parties to spell out the legal basis for, or theory behind, some specified contention. Such questions need not be responded to until the close of discovery.

> "Respondents argue that contention interrogatories are necessary to " 'set at rest' " issues not genuinely disputed. ( Burke v. Superior Court of Sacramento County (1969) 71 Cal.2d 276, 281, 78 Cal.Rptr. 481, 455 P.2d 409.) No published opinion has stated that terse responses to contention interrogatories trump a Proposition 51 proportionate fault defense." *Plascencia v. Deese* (2021) 274 Cal. Rptr. 3d 142, 150.

> A contention interrogatory is "viewed as a broad-brush starting point for discovery, [and] is not a definitive vehicle for disclosure of all relevant facts." *Cleveland Wrecking Co. v. West Bay Builders, Inc.* (Aug. 9, 2011, A124033, A125811).

Defendant Fay's contentions, "Do you contend…" is vague and ambiguous to be the basis of any discovery and evidentiary basis to prove whether or not the FDCPA is meritorious in this case against Defendant Fay Servicing, Inc..

California courts have recognized that a party's interrogatory responses are **not necessarily binding for purposes of summary judgment**. *Mason v. Marriage & Family Center* (1991) 228 Cal.App.3d 537, 546. They may be contradicted or explained away by other evidence. *Ibid.; Wegner et al.,* Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2012) ¶ 8:1245, p. 8D-62.

Based on these principles, this court must conclude that (1) a party moving for summary judgment may use the opposing party's responses to interrogatories to make a prima facie showing of the nonexistence of a triable issue of material fact and (2) the opposing party is not barred from

presenting other evidence that contradicts the interrogatory response or from explaining why the answer is incorrect. See *Mason v. Marriage & Family Center, supra,* at p. 546 [detailed explanation in plaintiff's declaration as to the date her injury began contradicted date given in interrogatory response; explanation created a question of fact and, therefore, **summary judgment was reversed].**

Defendant Fay failed to make a *prima facie* showing as to the non-existence of a triable issue of material fact pertaining to the causes of action, FDCPA and RFDCPA in its Motion for summary judgment.

Plaintiff Martin Lee Eng, individually and on behalf of the LLCs has contradicting evidence that why the answer is not a complete set of documents, and has further answers.

Plaintiff Martin Lee Eng, individually and on behalf of the LLCs, has demonstrated via his declaration under oath with personal knowledge of facts [FRE R. 702] that his loan modification requests were not adhered to and he was provided misinformation each time for mitigation. Further, Plaintiff Martin Lee Eng, individually and on behalf of the LLCs, has documentation to show that there were over-inflated and excessive charges taking the initial loan sum to an excessive sum of $3.3 million.

Thus, Defendant Fay's summary judgment motion must be **DENIED** in the entirety.

### IV. PLAINTIFFS' CLAIM PROPERLY BELONGS WITHIN THE ROSENTHAL FEDERAL DEBT COLLECTION PRACTICES ACT (RFDCPA); THE COURT HAS JURISDICTION BASED IN BOTH FDCPA AND RFDCPA

This court in the federal district court has the jurisdiction to hear both FDCPA and RFDCPA claims based on federal subject-matter jurisdiction. The bankruptcy estate has reverted the matter to the plaintiff.

### V. FEDERAL POLICY SUPPORTS PLAINTIFFS' CLAIMS

Basically, the FDCPA was intended to address the societal problem of "debt collectors"

who use harassing tactics against debtors. Defendant Fay Servicing used harassing tactics against debtors, Plaintiffs Martin Lee and the LLC-plaintiffs.

### VI. SANCTIONS MUST BE AWARDED IN FAVOR OF PLAINTIFFS

Plaintiffs contend that sanctions must be awarded against Defendant Fay Servicing, Inc. and in favor of Plaintiffs. The sanctions must be in the sum of $6,758. This includes the discounted hourly of $250 per hour that it took Plaintiffs' counsel, Reshma Kamath to research and write this opposition (10 hours), declaration of Eng (1 hour), and objections to declaration of Defendant Fay Servicing's Janet Giollo (3 hours). This also includes the meet-and-confer with Defendant Fay's attorney, Kristina M. Pelletier (2 hours) via e-mail and telephonic conference call. This also includes the discovery responses and production of bate-stamped documents in timely verified response to the discovery. (4.50 hours).

Finally, the balance $1,633 is for Plaintiff Martin Lee Eng as his compensation for taking time out of his care-taking of his mother, Sau P. Eng where he charges $120 per hour. This includes all the time that he had to struggle in answering discovery, speaking to his undersigned counsel about factual statements, strategic calls with undersigned counsel, settlement conference discussions and related physical lodging of the statement upon advice of undersigned counsel. (13.60 hours).

### CONCLUSION

Based on the foregoing, Defendant Fay's summary judgment motion must be **DENIED** in its entirety. Sanctions must be awarded as stated.

DATED: July 22, 2024,                                   LAW OFFICE OF RESHMA KAMATH

*/S/ Reshma Kamath*

**RESHMA KAMATH,**
**Counsel for, Plaintiffs MARTIN LEE ENG,**
**LOMBARD FLATS LLC and NEW**
**OWNER'S GROUP LLC**