1 WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
2 Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
3 Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
4 kpelletier@wrightlegal.net
5
Attorneys for Defendants,
6 FAY SERVICING, LLC

7
## UNITED STATES DISTRICT COURT
8
## NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10 MARTIN ENG, LOMBARD FLATS LLC; et al, | Case No.: 3:22-CV-05686-LB |
| 11 | |
| 12         Plaintiffs, | *Assigned to the Hon. Laurel Beeler* |
| 13    vs. | **FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| 14 FAY SERVICING LLC, a Delaware limited liability company; U.S. BANK TRUST | |
| 15 NATIONAL ASSOCIATION, not in its individual capacity but solely as Owner | *[Filed concurrently with Evidentiary Objections to Plaintiffs' Evidence and Response to Plaintiffs' Objections]* |
| 16 Trustee for VRMTG ASSET TRUST; and VRMTG ASSET TRUST, a Delaware | |
| 17 statutory trust, | **Hearing** |
| 18         Defendants. | Date:     August 15, 2024 |
| 19 | Time:    9:30 a.m.<br>Ctrm.:   B, 15th Floor |
| 20 | |
| 21 | Complaint filed:  August 30, 2022<br>Action Removed: October 3, 2022 |
| 22 | FAC filed:      April 28, 2023<br>SAC filed:       August 7, 2023 |
| 23 | |

24       **TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS**

25 **OF RECORD, IF ANY:**

26       **PLEASE TAKE NOTICE** that Defendant FAY SERVICING, LLC ("Fay") hereby submits the

27 following Reply in response to the Opposition ("Opp") of Plaintiffs MARTIN ENG and LOMBARD

28 FLATS LLC (collectively "Plaintiffs") to Fay's Motion for Summary Judgment.

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Fay is entitled to summary judgment in its favor because Fay's uncontroverted evidence, which includes Plaintiffs' own evidentiary admissions, unequivocally demonstrates that the Second Amended Complaint's ("SAC") surviving claims under the federal Fair Debt Collections Practices Act ("FDCPA") and California Rosenthal Fair Debt Collections Practices Act ("RFDCPA") lack merit, and no triable issue of material fact exists thereto.

Plaintiffs' Opposition and the complete lack of admissible evidence in support thereof further establish that the SAC's claims lack merit and must be dismissed. Indeed, the only evidence submitted by Plaintiffs is Plaintiff Martin Eng's Declaration, which consists of irrelevant and inadmissible testimony. This declaration demonstrates that the sole reason Plaintiffs filed this action was to delay the foreclosure proceedings against the subject property and strong-arm Fay into modifying Plaintiffs' severely delinquent and matured home loan. Plaintiffs' Declaration is devoid of any testimony or documents that support the claims in the SAC. Moreover, Plaintiffs failed to address most of Fay's arguments in the Motion, thus, they concede these arguments have merit.

Plaintiffs spend most of their Opposition making irrelevant or baseless assertions and demanding sanctions from Fay that they are not entitled to. In fact, if any party in this action would be entitled to sanctions, it would be Fay for being forced to defend against this action despite Plaintiffs' concession that the claims lack merit. Plaintiffs also object to Fay's supporting declaration, but Plaintiffs' objections are baseless. Even if the entire declaration was inadmissible, Plaintiffs fail to controvert Plaintiffs' discovery responses which demonstrate that Plaintiffs cannot prevail on their claims in the SAC.

As discussed in Fay's Motion, Plaintiffs lack standing to assert the claims in this action due to Lombard Flats' Chapter 7 bankruptcy. Moreover, even if Plaintiffs had standing, their surviving claims fail as a matter of law because the subject loan is <u>not</u> a consumer loan, as required under both the statutes upon which Plaintiffs base their claims. Furthermore, the claims lack merit because Plaintiff Eng abandoned his supporting allegations, and concedes that Fay *did not make any false, deceptive, or misleading representations to him*. He also failed to produce any documents that support Plaintiffs' claims.

1    Plaintiffs have not, and cannot, provide <u>any</u> evidence to contradict the above facts or otherwise
2    demonstrate that any triable issue exists as to Plaintiffs' claims. Even after having the opportunity to do
3    so in opposition to Fay's Motion, Plaintiffs failed to produce any contrary evidence. As a result, Fay is
4    entitled to summary judgment against Plaintiffs as to both surviving claims in the SAC.

5                              **II.      ARGUMENT**

6    **A.    Plaintiffs Have Not Met Their Burden of Persuasion.**

7            Since Fay's Motion and supporting evidence demonstrate that no triable issue of material fact
8    exists as to Plaintiffs' claims, the burden of persuasion shifted to Plaintiffs to defeat the Motion. *See*,
9    *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Specifically, Plaintiffs
10   had the burden to produce admissible evidence to support their claims. *Id.* Plaintiffs may not create a
11   triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc. v. Southwall*
12   *Technologies, Inc.*, 435 F.3d 989, 990-92 (9th Cir. 2006). "Summary judgment is not a procedural
13   second chance to flesh out inadequate pleadings." *Wasco Products, Inc.,* 435 F.3d at 992 (citations
14   omitted). **<u>If the non-moving party does not produce evidence to show a genuine issue of material</u>**
15   **<u>fact, then the moving party is entitled to summary judgment</u>**. *Celotex Corp. v. Catrett*, 477 U.S. 317,
16   322-23 (1986).

17          As detailed below, Plaintiffs failed to carry their burden of persuasion in their Opposition. First
18   and foremost, Plaintiffs have not produced <u>any</u> admissible evidence to controvert Fay's undisputed
19   material facts. Indeed, the only evidence submitted by Plaintiffs in support of their Opposition is the
20   inadmissible, self-serving declaration of Plaintiff Martin Eng, which contains irrelevant testimony and
21   unsupported conclusory assertions. *See,* Fay's Objections to Declaration of Plaintiff Martin Eng, filed
22   concurrently herewith. Second, Plaintiffs did not address most of Fay's arguments in the Motion. This
23   failure to address Fay's arguments should be construed as Plaintiffs' acceptance of the merits of the
24   Motion. *See, Wallace v. Busch Entertainment Corp.,* 2011 WL 3607232, *8 (S.D. Cal., 2011) (granting,
25   <u>as unopposed</u>, defendant's motion for summary judgment due to plaintiff's failure to address
26   defendant's argument in his opposition); *Lacondeguy v. Adapa*, 2011 WL 9572, **3-4 (E.D. Cal., 2011).
27   Since Plaintiffs failed to present any admissible evidence, and Fay met its burden, Fay is entitled to
28   Summary Judgment.

**B.      Fay Was Not Required to File a Separate Statement in Support of its Motion.**

Plaintiffs assert Fay's Motion should be denied because it failed to file a Separate Statement of Undisputed Facts. Opp, p. 1:14-18. Separate Statements, however, are not required by FRCP, Rule 56. Indeed, pursuant to this Court's Standing Order, No. 5, "the parties may not file separate statements of undisputed facts." Thus, Fay's failure to file a Separate Statement was in compliance with this Court's Standing Order and does not warrant the denial of Fay's Motion.

**C.      Plaintiffs Lack Standing to Assert the Claims in the SAC Because the Claims Belong to the Bankruptcy Trustee.**

As discussed in Fay's Motion, Plaintiffs lack standing to assert the claims in the SAC because of Plaintiff Lombard's Chapter 7 Bankruptcy. *See, Griffin v. Allstate Ins. Co.* 920 F.Supp.127, 130 (C.D. Cal., 1996); *Bostanian v. Liberty Savings Bank, F.S.B.,* 52 Cal.App.4th 1075, 1081 (1997). Since this action was pending when the January 2024 Bankruptcy was filed and the Trustee did not abandon the claims, Plaintiffs' claims in the SAC are now property of the estate and, to date, remain property of the estate. 11 U.S.C. § 554(a); *see also, In re Kreisel, Bkrtcy.,* 399 B.R. 679 (C.D. Cal., 2008).

In their Opposition, Plaintiffs argue that "that, generally, a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy." Opp, p. 12-17. However, Plaintiffs concede that this action has been pending since 2022, while the Lombard Bankruptcy was filed in January 2024. Thus, Plaintiffs' causes of action did accrue prior to the bankruptcy.

Plaintiffs also argue that the claims in the SAC "have no basis in the bankruptcy estate" (Opp, p. 2:19-21), but no supporting facts or legal authority are cited to support this baseless assertion. On the contrary, Plaintiffs concede that Lombard listed this lawsuit in its schedules, thus, Plaintiffs are clearly aware that the claims in this suit were required to be scheduled in the Bankruptcy. Opp, p. 3:1-3.

Plaintiffs then go on to discuss whether Fay is a "debt collector", a fact that Fay is not disputing in this action. Regardless, this discussion has no relevance to Fay's standing argument against Plaintiffs.

Lastly, Plaintiffs argue that they could amend their complaint to add the Bankruptcy Trustee as a party to cure the lack of standing. Opp, pp. 5:22-28; 6:1-20. However, Plaintiffs have had at least six (6) months to add the Bankruptcy Trustee and failed to do so. They only assert their ability to do so at the last minute in response to Fay's Motion. Regardless, even if the Bankruptcy Trustee was substituted into

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

this action, Fay is still entitled to summary judgment because the SAC's surviving claims lack merit and there are no disputed issues of material fact, as discussed further below.

**D.** **Plaintiffs Cannot Prevail on Their Claim for Violation of the Federal Fair Debt Collections Practices Act ("FDCPA").**

    **1.** **Plaintiffs' Claim Must Be Dismissed as to Plaintiff Lombard Flats.**

    As discussed in Fay's Motion, Plaintiffs' claim under the federal Fair Debt Collections Practices Act ("FDCPA") fails as a matter of law as to Plaintiff Lombard because it is not, and cannot be, a consumer as defined by the FDCPA since it is a limited liability corporation, <u>not</u> a natural person. *See,* 15 U.S.C. §1692a(3). Plaintiffs' Opposition is silent as to this defect. Thus, Plaintiffs concede this claim must be dismissed as to Lombard. *See, Wallace,* 2011 WL 3607232, at *8.

    **2.** **Plaintiff Martin Eng Cannot Prevail on His Claim Under the FDCPA.**

    Plaintiffs' claim lacks merit as to Plaintiff Martin Eng as well because he is not a consumer as defined by the statute and Fay did not violate the FDCPA. Moreover, this Court lacks jurisdiction over Plaintiffs' claim since it is based solely on an alleged violation of the Bankruptcy Court. In their Opposition, Plaintiffs assert that they "are Consumers within the statutory meaning" (Opp, p. 6:24-26), but no facts or evidence are provided to support this conclusory assertion. Indeed, Plaintiffs fail to controvert the fact the Loan is a business loan, not a "consumer debt" since the money was not borrowed for personal, family or household purposes but rather for use on an investment property. *See, Bloom v. I.C. Sys., Inc.,* 972 F.2d 1067 (9th Cir. 1992); *Flint v. Benefit Fin. I Inc.,* 2012 U.S. Dist. LEXIS 112408 (E.D. Cal., 2012) ("The FDCPA protects consumers from unlawful debt collection practices. Consequently, the Act applies to consumer debts and not business loans."). Moreover, in response to Fay's Interrogatory Nos. 6-8, Eng admitted that he did not contend that the Loan was for personal, family, or household purposes. Thus, Plaintiffs concede that the Loan is not subject to the FDCPA.

    Even if the FDCPA applied to this Loan, Plaintiffs still could not prevail on their claim because *they admit* that their claim lacks merit. Specifically, as discussed in Fay's Motion, Plaintiffs base their FDCPA claim on the allegation that Fay demanded an "over-inflated" Loan amount from Plaintiffs. SAC, ¶ 33. Plaintiffs further allege that Fay improperly sought to collect $3.2 million on the Loan based on the assertion that, "through the Chapter 11 settlement the loan balance had been reduced to $3 million

exactly, such that the amounts Fay sought to collect were improperly inflated." SAC, ¶ 34. However, in response to Fay's Interrogatories, Plaintiff Eng conceded that these allegations lack merit.

To circumvent Plaintiffs' evidentiary admissions, Plaintiffs try to distinguish between interrogatories and admissions, but this is a distinction without a difference. Pursuant to FRCP Rule 56(c)(1)(A), "a party asserting that a fact cannot be disputed…must support the assertion by citing to particular parts of materials in the record, including depositions, **documents**, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, **interrogatory answers**, or other materials." FRCP, Rule 56(c)(1)(A). Here, Fay used Plaintiff Eng's responses to interrogatories and documents that he produced in discovery to show that Plaintiffs cannot prevail on their claims in the SAC.

Plaintiffs rely on *Mason v. Marriage & Family Center* (1991) 228 Cal.App.3d 537, 546, arguing that "California courts have recognized that a party's interrogatory responses are not necessarily binding for purposes of summary judgment…They may be contradicted or explained away by other evidence." Opp, p. 8:19-24. In *Mason,* the plaintiff stated in interrogatory responses that her injuries had begun on one particular date, but she later submitted a detailed explanation in a declaration accompanying her opposition to a summary judgment motion stating that the date provided in her interrogatory response had been a mistake. *Mason,* 228 Cal.App.3d at 546. Finding her explanation credible, the appellate court found that "the trier of fact could reasonably conclude that the initial interrogatory response was, as Mason explained in her declaration, a simple mistake." *Id.*

Here, Plaintiffs provide no explanation to contradict Plaintiff Eng's discovery responses, and no basis for concluding that the interrogatory responses were obviously mistaken. Thus, there is no reason the Court cannot consider Plaintiff Eng's responses and conclude that no triable issue of fact exists as to Plaintiffs' claims. *See, Leasman v. Beech Aircraft Corp.*, 48 Cal.App.3d 376, 382 (1975) ("[I]n view of plaintiff's admissions in her deposition and answers to interrogatories that she had suffered no physical injury," contrary affidavits were properly "disregarded as irrelevant, inadmissible or evasive. [Citations.]"].)

Plaintiffs do not contradict Plaintiff Eng's responses in their Opposition to the Motion, and they fail to explain any of the responses used by Fay in its Motion to show that any material facts exist as to

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs' FDCPA claim. As a result, Plaintiffs' reliance on *Mason* is misplaced, and they fail to establish that their discovery responses do not support Fay's Motion. Plaintiffs assert that Martin Lee Eng, individually and on behalf of the LLCs has contradicting evidence that "why the answer is not a complete set of documents and has further answers." Not only does this assertion not make any sense, but it falls woefully short of demonstrating that any legitimate dispute of material fact exists as to Plaintiffs' claims. Plaintiffs assert Plaintiff Eng has demonstrated via his declaration "that his loan modification requests were not adhered to and he was provided misinformation each time for mitigation." As set forth in Fay's Objections to Plaintiffs' Declaration of Martin Eng, any testimony about loan modification requests is irrelevant and inadmissible because it has no bearing whatsoever on Plaintiffs claims under the FDCPA and RFDCPA.

In addition to Plaintiffs' evidentiary admissions, their claim under the FDCPA fails because Plaintiff has not, and cannot, show any violation of the FDCPA by Fay. Bankruptcy Code Section 1322 allows a debtor to "modify the rights of holders of secured claims...or leave unaffected the rights of holders of any class of claims" in his plan. § 1322(b)(2). The "rights" mentioned in § 1322(b)(2) include the rights "reflected in the relevant mortgage instruments, which are enforceable under [state] law." *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329-30 (1993) (mentioning various rights arising from mortgage instruments that are subject to § 1322(b)(2), such as the right to monthly payments of principal with interest and the right to retain a lien until the debt is paid off). Here, Lombard's 2010 Plan did modify some of Chase's rights; specifically, it modified the Note and Deed of Trust to prevent a foreclosure and to allow monthly payments over the Plan's ten (10) year term. Gioello Dec, Exhibit H. However, the Plan did not explicitly mention or purport to modify in any way Chase's right to recover fees and expenses which may arise under the Note and Deed of Trust. *Id.* Thus, as discussed in Fay's Motion, while the 2009 BK resulted in the Loan's principal balance being reduced to $3,000,000, it did not prohibit Chase or its successors from charging and seeking to recover interest, fees, expenses, *etc.*, following Lombard's subsequent default on the plan. *See, Eickerman v. La Jolla Group, II (In re Eickerman),* 2012 Bankr. LEXIS 6112 (2012). Plaintiffs ignore this argument in its entirety in the Opposition. Thus, they concede Fay's argument has merit. *See, Wallace,* 2011 WL 3607232, at *8. As a result, Fay did not demand an "over-inflated" Loan balance in violation of the FDCPA.

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Lastly, even if the FDCPA applied to Plaintiffs and they had evidence to support their claim, they still cannot prevail because this Court lacks jurisdiction over Plaintiffs' claim since it is based on a violation of the Bankruptcy Code (11 U.S.C. § 506(a)). *See, Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510-11 (9th Cir. 2002) ("[w]hile the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."). Thus, Plaintiffs cannot premise their FDCPA claim on a violation of the Bankruptcy Code. Plaintiffs ignore this argument in the Opposition as well. Thus, they concede Fay's argument has merit. *See, Wallace,* 2011 WL 3607232, at *8. Accordingly, there are no genuine issues of material fact, and Fay is entitled to an entry of summary judgment on Plaintiffs' FDCPA claim.

**E.** **Plaintiffs' Cannot Prevail on Their Claim for Violation of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").**

**1.** **Plaintiffs' Claim Must Be Dismissed as to Plaintiff Lombard Flats.**

As discussed in Fay's Motion, Plaintiffs' claim under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") fails as a matter of law as to Plaintiff Lombard because it is not, and cannot be, a consumer as defined by the RFDCPA since it is a limited liability corporation, <u>not</u> a natural person. *See,* Civ. Code § 1788.2(f). Plaintiffs' Opposition is silent as to this defect. Thus, Plaintiffs concede this claim must be dismissed as to Lombard. *See, Wallace,* 2011 WL 3607232, at *8.

**2.** **Plaintiff Martin Eng Cannot Prevail on His Claim Under the RFDCPA.**

Plaintiffs' allegations in support of their RFDCPA claim are identical to those in support of their claim under the federal FDCPA. SAC, ¶¶ 29-50. Thus, for the reasons discussed in Fay's Motion and above, Plaintiffs' claim under Civil Code Section 1788.17 lacks merit. Since neither plaintiff is a "consumer" as defined by the RFDCPA, and the Loan is not a "consumer debt", Plaintiffs' claims under both statutes fail and should be dismissed with prejudice. *See, Ordinario v. LVNV Funding, LLC*, 2016 U.S. Dist. LEXIS 28956, at *3 (S.D. Cal. Mar. 4, 2016) ("The FDCPA and RFDCPA apply only to consumer debt, not business loans.").

Plaintiffs' Opposition is devoid of any argument or supporting evidence to demonstrate that the Loan is a consumer loan, or to show that their claim has any merit whatsoever. On the contrary, the only mention of this claim in the Opposition is Plaintiffs' conclusory assertion that "Defendant Fay Servicing

used harassing tactics against debtors, Plaintiffs Martin Lee and the LLC-plaintiffs." Opp, p. 10:1-22. By failing to address Fay's arguments or submit any admissible evidence to support their claims, Plaintiffs concede their claim lacks merit. *See, Wallace,* 2011 WL 3607232, at *8. Indeed, Plaintiff Eng concedes in his interrogatory responses that he does not claim the Loan is a consumer loan and that his claims regarding an "over-inflated" Loan balance lack merit. Moreover, as discussed above, Plaintiffs cannot utilize the RFDCPA to remedy a Section 506(a) violation. *See, Fitzgerald,* 2017 U.S. Dist. LEXIS 133444, at *30.

Therefore, there are no genuine issues of material fact, and Fay is entitled to an entry of summary judgment on Plaintiffs' RFDCPA claim.

**F.**      **Plaintiffs' Request for Sanctions is Frivolous.**

Plaintiffs contend that they must be awarded sanctions against Fay for Fay filing this Motion. No facts, evidence, or persuasive argument is presented to support this frivolous demand. Fay's Motion and the evidence in support thereof show that the Motion has factual foundation, was properly brought, and is legally reasonable. The fact that Plaintiffs do not want this action dismissed or disagree with the Motion does not justify their request for sanctions. Accordingly, this request is unsupported, improper and must be dismissed.

///
///
///
///
///
///
///
///
///
///
///
///

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

### III. CONCLUSION

Based on Fay's Motion and the uncontroverted evidence filed in support thereof, Plaintiffs lack standing to assert their claims in the SAC due to Lombard's Chapter 7 Bankruptcy. Moreover, even if Plaintiffs had standing, their claims under the FDCPA and RFDCPA lack merit because neither statute applies to the Loan, which is not a consumer loan, Plaintiffs concede they have abandoned the allegations in support of the claims, and since the Court lacks jurisdiction over Plaintiffs' claims. Since Plaintiffs failed to address most of Fay's arguments in their Opposition and did not submit any admissible evidence in support of their claims, no triable issues of material fact exist as to Plaintiffs' claims in the SAC. Accordingly, Fay respectfully requests that the Court grant this Motion for Summary Judgment in its entirety and dismiss the SAC with prejudice.

Respectfully Submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 29, 2024           By:    /s/ *Kristina M. Pelletier*
                                      Kristina M. Pelletier, Esq.
                                      Attorneys for Defendant,
                                      FAY SERVICING, LLC

## **PROOF OF SERVICE**

I, Iryna Brown, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 29, 2024, I served the within **FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)    addressed as follows:

Reshma Kamath , Esq.
333800 Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084
Menlo Park, CA 94025,
Tel: 650 257 0719
E-mail: reshmakamath2021@gmail.com
[Attorneys for Plaintiffs MARTIN ENG, LOMBARD FLATS LLC et al]

[   ]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ X ]     (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X ]     (Federal) I declare under penalty of perjury under the laws of the United States of

Executed on July 29, 2024, at Newport Beach, California.

_____
Iryna Brown

FAY SERVICING, LLC'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT