WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
kpelletier@wrightlegal.net

Attorneys for Defendants,
FAY SERVICING, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG, LOMBARD FLATS LLC; et al, <br><br> Plaintiffs, <br> vs. <br><br> FAY SERVICING LLC, a Delaware limited liability company; U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as Owner Trustee for VRMTG ASSET TRUST; and VRMTG ASSET TRUST, a Delaware statutory trust, <br><br> Defendants. | Case No.: 3:22-CV-05686-LB <br><br> *Assigned to the Hon. Laurel Beeler* <br><br> **FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** <br><br> *[Filed Concurrently with Reply in support of Motion and Response to Plaintiffs' Objections]* <br><br> **<u>Hearing</u>** <br> Date:  August 15, 2024 <br> Time:  9:30 a.m. <br> Ctrm.:  B, 15th Floor <br><br> Complaint filed:  August 30, 2022 <br> Action Removed:  October 3, 2022 <br> FAC filed:   April 28, 2023 <br> SAC filed:   August 7, 2023 |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

Defendant FAY SERVICING, LLC ("Fay") hereby objects to the following evidence filed by Plaintiffs MARTIN ENG and LOMBARD FLATS LLC (collectively "Plaintiffs") in opposition to Fay's Motion for Summary as follows:

## EVIDENTIARY OBJECTIONS TO DECLARATION OF MARTIN ENG

| Material Objected To | Grounds for Objection |
|---|---|
| 1. **Declaration of Martin Eng ("Eng Dec"), ¶ 2:** "I am over seventy-years-old (70-y-o) and very sick these days. I have a 98-year old mother with Alzheimers, and Dementia who is also bed-ridden. I am her caretaker and power-of-attorney. I am writing this declaration against and in opposition to Defendant Fay Servicing, Inc.'s Motion for Summary Judgment (MSJ)" | • **Objection – Irrelevant – Federal Rules of Evidence ("FRE"), Rules 401-402 –** Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. <br>    o The Second Amended Complaint's ("SAC") two surviving claims are for damages under the federal Fair Debt Collections Practices Act ("FDCPA") and Rosenthal Fair Debt Collections Practices Act ("RFDCPA"). Plaintiff Eng's age and illness and the illness of his mother have no bearing on the merits of these claims. <br> • **Objection – FRE, Rule 403 -** The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues. <br>    o Plaintiff's age and illness and his mother's illness are not relevant to the claims in the SAC *and* any potential probative value is outweighed by unfair prejudice to Fay and confusing the issues. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 2. **Eng Dec, ¶ 3:** "My counsel, Reshma Kamath has helped me understand that I was deeply prejudiced in the state court system, and continue to be prejudiced in the federal courts where prior attorneys did not write simple words such as "demand for jury trial" on the caption page of a complaint. I may sue them. Further, I was born in Hong Kong, and my English ability is limited – but I was almost never afforded a translator in the courts when I had testified under oath. Even my signatures were forged and I finally have proof from a forensic analyst. I had several terrible attorneys – but finally, a zealous one in this afore-captioned case." | • **Objection – Irrelevant – FRE, Rules 401-402 –** Plaintiff Eng's experience in prior lawsuits with prior counsel, or experience in this action with prior counsel has no bearing on the merits of the SAC's claims.<br><br>• **Objection – FRE, Rule 403 -** Plaintiff Eng's experience in prior lawsuits with prior counsel, or experience in this action with prior counsel are not relevant to the claims in the SAC *and* any potential probative value is outweighed by unfair prejudice to Fay and confusing the issues.<br><br>• **Objection – FRE, Rule 701 –** Improper Lay testimony<br><br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to prior lawsuits and forged signatures in a vague and conclusory manner without identifying the lawsuits or purportedly forged documents.<br><br>• **Objection – FRE, Rule 802 – Hearsay.** Plaintiff Eng's testimony is based on statements made his counsel to him, not information that he has personal knowledge of.<br><br>• |
| 3. **Eng Dec, ¶ 4:** "Pertaining to Fay, had made several loan modification requests and payoff demands both to Defendant Chase and then to Defendant Fay. All my phone calls and effort were futile" | • **Objection – Irrelevant – FRE, Rules 401-402 –** Plaintiff Eng's experience with Chase is not relevant to this action as Chase has been dismissed. Moreover, the SAC's surviving claims have nothing to do with any alleged loan modification requests and/or applications.<br><br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a modification is outweighed by unfair prejudice to Fay and confusing the issues. |

| | |
|---|---|
| | • **Objection** – Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990-92 (9th Cir. 2006). Here, the SAC's surviving claims are not based on any alleged modification review or request for a payoff quote. |
| 4. **Eng Dec, ¶ 5:** "Defendant Fay's Loan Modification department and Customer service would answer the phone, transfer me and then be non-responsive. I submitted at least three applications for loan modification and mitigation with Defendant Fay. Nothing – not even a calculations worksheet was sent to me." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged loan modification requests and/or applications. <br><br> • **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a modification is outweighed by unfair prejudice to Fay and confusing the issues. <br><br> • **Objection** – Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on any alleged modification review. <br><br> • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations and applications in a vague and conclusory manner without identifying the dates of these discussions or providing copies of the purported applications. <br><br> • **Objection – FRE, Rule 1002 – Secondary Evidence Rule.** Plaintiff refers to "at least three" applications for loan modification that he submitted to Fay, but none of these purported applications were produced by Plaintiff in discovery and none are attached to the Declaration. |

4

| | |
|---|---|
| **5. Eng Dec, ¶ 6:** "Same thing with Defendant Fay's attorney, Kristina Pelletier, Esq." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged loan modification requests and/or applications sent to counsel for Fay. |
| | • **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a modification while this action has been pending is outweighed by unfair prejudice to Fay and confusing the issues. |
| | • **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible. |
| | • **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on any alleged modification review. |
| | • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with counsel for Fay in a vague and conclusory manner without identifying the dates of these discussions, or the contents thereof. |
| | • **Objection – FRE, Rule 802 – Hearsay.** Plaintiff's testimony is based on statements made Fay's counsel. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 6. **Eng Dec, ¶ 7:** "I sent so many e-mails for loan modification requests. I even sought permission to directly communicate with Defendant Fay's attorney so I could as a former real estate broker communicate the numbers directly. But nothing from Defendant Fay." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged loan modification requests and/or applications sent to Fay or its counsel.<br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a modification while this action has been pending is outweighed by unfair prejudice to Fay and confusing the issues.<br>• **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible.<br>• **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on any alleged modification review.<br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with counsel for Fay in a vague and conclusory manner without identifying the dates of these discussions, or the contents thereof.<br>• **Objection – FRE, Rule 802 – Hearsay.** Plaintiff's testimony is based on statements made by Fay and/or its counsel while this matter was pending. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 7. | **Eng Dec, ¶ 8:** "I even sent e-mails about loan re-instatement and maturity." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged requests for reinstatement information or Loan maturity information.<br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request reinstatement information or Loan maturity information is outweighed by prejudice to Fay and/or confusing the issues.<br>• **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible.<br>• **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement.<br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with counsel for Fay in a vague and conclusory manner without identifying the dates of these emails, who he emailed, and/or the contents thereof. |

7

| | |
|---|---|
| **8.** **Eng Dec, ¶ 9:** "For loan modifications, there was recalcitrance from Defendant Fay's attorney and Defendant Fay." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged requests for a loan modification. |
| | • **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a loan modification is outweighed by prejudice to Fay and/or confusing the issues. |
| | • **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible. |
| | • **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement. |
| | • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with Fay and counsel for Fay in a vague and conclusory manner without identifying the dates of these emails, who he emailed, and/or the contents thereof. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **9. Eng Dec, ¶ 10:** "For loan reinstatement and maturity, there was always pushback that the loan sum was past due. It never got re-instated." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged requests for reinstatement of the loan.<br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff Eng's alleged efforts to request a reinstatement quote is outweighed by prejudice to Fay and/or confusing the issues.<br>• **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible.<br>• **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement.<br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with Fay and counsel for Fay in a vague and conclusory manner without identifying the dates of these emails, who he emailed, and/or the contents thereof. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **10. Eng Dec, ¶ 11:** "My counsel, Reshma also met-and-conferred with Defendant Fay's attorney, but there was the same response." | • **Objection – Irrelevant – FRE, Rules 401-402 –** The SAC's surviving claims have nothing to do with any alleged "meet and confer" between counsel in this action.<br><br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff's counsel's meet and confer efforts with counsel for Fay is outweighed by prejudice to Fay and/or confusing the issues.<br><br>• **Objection – FRE, Rule 408 –** Conduct or statements made during compromise negotiations about a claim are inadmissible. To the extent Plaintiff's testimony is based on settlement discussions between the parties, it is improper and inadmissible.<br><br>• **Objection –** Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement.<br><br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to conversations with counsel for Fay in a vague and conclusory manner without identifying the dates of these emails, who he emailed, and/or the contents thereof.<br><br>• **Objection – FRE, Rule 802 – Hearsay.** Plaintiff's testimony is based on statements made by his counsel. |

| | |
|---|---|
| **11. Eng Dec, ¶ 12:** "Until today, the documents that Defendant Fay and the PMK produced cannot be trusted. They're untrustworthy documents that they produced to me during discovery and my answer was "cannot admit genuineness of documents." | • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to documents produced by Fay as "untrustworthy" but the basis for this assertion is not stated and the documents are not identified by Plaintiff.<br>• **Objection – Improper Lay Testimony** |
| **12. Eng Dec, ¶ 13:** "Today, my counsel, Reshma Kamath, has properly produced and served Objections to Defendant FAY's PMK's declaration filled with perjurious and impeachable statements. I have personal knowledge that those statements in Defendant Fay's PMK declaration did not occur." | • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.** Plaintiff Eng refers to statements that allegedly did not take place, but fails to specify what those statements are.<br>• **Objection – Improper Lay Testimony** |
| **13. Eng Dec, ¶ 14:** "This MSJ is only an attempt from Defendant Fay and its attorney, Kristin Pelletier, to gain an upper-hand in getting dismissed – similar to Defendant Chase." | • **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.**<br>• **Objection – Improper Lay Testimony** |
| **14. Eng Dec, ¶ 15:** "Defendant Fay admit that U.S. National Bank Trust Association is the loan holder. Then, if Defendant Fay transferred to a new entity, maybe Defendant U.S. National Bank will be the co-defendant." | • **Objection – Improper Lay Testimony**<br>• **Objection – Irrelevant – FRE, Rules 401-402 –** Plaintiff's intention to possibly add a new defendant to this action is untimely, improper and has not bearing on the merits of Plaintiff's claims.<br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff's intention to add a new defendant to this action, on the eve of Fay's Motion, is outweighed by prejudice to Fay and/or confusing the issues. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | • **Objection** – Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement. |
| 15. **Eng Dec, ¶ 17:** "There is a genuine issue of credible material fact and the disputed facts are in the complaint – where I was a victim of predatory lending practices." | • **Objection – Improper Lay Testimony**<br>• **Objection – Irrelevant – FRE, Rules 401-402 –** Plaintiff's conclusory assertion that he was a victim of predatory lending practices has no bearing on the SAC's claims.<br>• **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff's conclusory assertion that he was a victim of predatory lending practices is outweighed by prejudice to Fay and/or confusing the issues.<br>• **Objection** – Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement. |
| 16. **Eng Dec, ¶ 19:** "If the loan doesn't get re-instated, I want a bench trial on this matter – because I was denied the jury trial right." | • **Objection** – Plaintiffs may not create a triable issue by raising new theories not alleged in the complaint. *Wasco Products, Inc.,* 435 F.3d at 990-92. Here, the SAC's surviving claims are not based on inquiries about the Loan maturity or reinstatement.<br>• **Objection – Irrelevant – FRE, Rules 401-402 –** Plaintiff's request for a jury trial is improper and has not bearing on the merits of the SAC's claims. Indeed, Plaintiff already requested a jury trial, but because it was an untimely request, the Court already denied the request. |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | • **Objection – FRE, Rule 403 -** Any potential probative value of Plaintiff's assertion that he was denied the right to a jury trial is outweighed by prejudice to Fay and/or confusing the issues. |

### EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXHIBITS

| Material Objected To | Grounds for Objection |
|---|---|
| 1. **Plaintiff's Exhibit A – "Declaration Under Penalty of Perjury for Non-Individual Debtors."** | • **Objection – FRE, Rules 401-402 – Irrelevant**<br>   o One of Plaintiff Lombard Flats' filings in its 2024 Bankruptcy has no bearing on the merits of the SAC's claims.<br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.**<br>   o Plaintiff's Bankruptcy filing is not properly authenticated |

FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **2. Plaintiff's Exhibit B – "Various Documents, including but not limited to Tax Bills, Tax Filings and Loan Correspondence."** | • **Objection – FRE, Rules 401-402 – Irrelevant**<br>  o Plaintiff's documents produced in discovery have no bearing on the merits of the SAC's claims under the FDCPA and RFDCPA.<br>• **Objection – FRE, Rule 901 – Lacks Foundation/Authentication.**<br>  o Plaintiff's Exhibit B is not properly authenticated |

Respectfully Submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 29, 2024        By:    /s/*Kristina M. Pelletier*
Kristina M. Pelletier, Esq.
Attorneys for Defendant,
FAY SERVICING, LLC

**PROOF OF SERVICE**

I, Iryna Brown, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 29, 2024, I served the within **FAY SERVICING, LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)    addressed as follows:

Reshma Kamath , Esq.
333800 Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084
Menlo Park, CA 94025,
Tel: 650 257 0719
E-mail: reshmakamath2021@gmail.com
[Attorneys for Plaintiffs MARTIN ENG, LOMBARD FLATS LLC et al]

[   ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ X ]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X ]    (Federal) I declare under penalty of perjury under the laws of the United States of

Executed on July 29, 2024, at Newport Beach, California.

_____
Iryna Brown