```
WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
kpelletier@wrightlegal.net

Attorneys for Defendants,
FAY SERVICING, LLC
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG, LOMBARD FLATS LLC; et al, <br><br> Plaintiffs, <br><br> vs. <br><br> FAY SERVICING LLC, a Delaware limited liability company; U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as Owner Trustee for VRMTG ASSET TRUST; and VRMTG ASSET TRUST, a Delaware statutory trust, <br><br> Defendants. | Case No.: 3:22-CV-05686-LB <br><br> *Assigned to the Hon. Laurel Beeler* <br><br> **DEFENDANT FAY SERVICING, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** <br><br> *[Filed concurrently with Reply in support of Motion for Summary Judgment and Evidentiary Objections to Plaintiff's Evidence]* <br><br> **Hearing** <br> Date:    August 15, 2024 <br> Time:    9:30 a.m. <br> Ctrm.:   B, 15th Floor <br><br> Complaint filed:   August 30, 2022 <br> Action Removed: October 3, 2022 <br> FAC filed:          April 28, 2023 <br> SAC filed:         August 7, 2023 |

TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

1

**PLEASE TAKE NOTICE** that Defendant FAY SERVICING, LLC ("Fay") hereby responds to the Evidentiary Objections filed by Plaintiffs MARTIN ENG and LOMBARD FLATS LLC (collectively "Plaintiffs") in response to Fay's evidence submitted in support of its Motion for Summary Judgment.

As an initial matter, Fay notes that Plaintiffs assert an unwarranted number of meritless objections to the declaration of Janet Gioello. Fay has done its' best to address the most relevant objections below. Regardless, even if this Court were to sustain all of Plaintiffs' objections, Fay is still entitled to summary judgment because Plaintiffs have not, and cannot, produce any evidence to demonstrate any violation by Fay of the federal Fair Debt Collections Practices Act or the Rosenthal Fair Debt Collections Practices Act.

### Declaration of Janet Gioello

Plaintiffs object to the Declaration of Janet Gioello in its entirety. Plaintiffs assert Ms. Gioello's testimony lacks foundation or authentication and consists of hearsay, among other baseless objections. Plaintiffs are mistaken.

First, in paragraph 1, Ms. Gioello's testimony lays the foundation for the rest of the declaration. Specifically, this paragraph complies with the Federal Rules of Evidence ("FRE") Rule 803(6), which provides:

> Records of a regularly conducted activity are not hearsay if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

*See also, Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 819 (9th Cir. 2002) ("Rule 803(6) allows the admission of business records when two foundational facts are proved: (1) the writing

is made or transmitted by person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity."

Second, paragraph 1 also establishes the authentication of Ms. Gioello's testimony, and the business records attached to the declaration. Each subsequent paragraph in the declaration states that it is based on Ms. Gioello's personal knowledge, following her review of the authenticated business records.

Third, to the extent Plaintiffs object to the incorporation of Chase's records into Fay's business records, the foundation and authentication of this evidence is established as well. Specifically, Ms. Gioello states: "To the extent that the business records of the Loan in this matter were created by a prior servicer, the prior servicer's records for the Loan were integrated and boarded into Fay's systems, such that the prior servicer's records concerning the Loan are now part of Fay's business records. Fay maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. To that end, it is Fay's regular business practice to review those records created by prior servicer and verify that the records are complete and accurate. It is the regular business practice of Fay to integrate prior servicers' records into Fay's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions." Thus, Plaintiffs' objections lack merit and should be overruled.

Respectfully Submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 29, 2024     By:     /s/ *Kristina M. Pelletier*
                                 Kristina M. Pelletier, Esq.
                                 Attorneys for Defendant,
                                 FAY SERVICING, LLC

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 29, 2024, I served the within **DEFENDANT FAY SERVICING, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Reshma Kamath , Esq.
333800 Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084
Menlo Park, CA 94025,
Tel: 650 257 0719
E-mail: reshmakamath2021@gmail.com
[Attorneys for Plaintiffs MARTIN ENG, LOMBARD FLATS LLC et al]

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of

Executed on July 29, 2024, at Newport Beach, California.

_____
Gretchen Grant

FAY SERVICING, LLC'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS