LAW OFFICE OF RESHMA KAMATH
RESHMA KAMATH, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs,
LOMBARD FLATS, LLC and MARTIN ENG LEE

WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendant,
DEFENDANT FAY SERVICING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| LOMBARD FLATS, LLC;<br>NEW OWNERS GROUP, LLC<br><br>    Plaintiffs,<br><br>vs.<br><br> JP MORGAN DEFENDANT CHASE ANK, N.A.<br> DEFENDANT FAY SERVICING, LLC and OES<br> 1-100, Inclusive<br><br>    Defendant(s). | Case Number: 3:22-cv-05686-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>Date:  August 15, 2024<br>Time: 11:00 AM<br>Dept:  Zoom<br><br>ACTION FILED: 8/30/2022<br>REMOVED:          10/3/2022<br>FAC FILED:          4/28/2023<br>SAC FILED:          8/7/2023 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

Page **1** of 7

1. **Jurisdiction & Service.**

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C §§ 1331, 1332 & 1441. No issues exist regarding personal jurisdiction or venue. All named parties were properly served.

2. **Facts.**

Plaintiffs filed a Superior Court complaint, Case # CGC-22-601504 on 8/30/22. The Complaint was removed to this Court on October 3, 2022. Plaintiffs dismissed Defendant Chase from the case with prejudice on December 14, 2022. This was a prior attorney and Plaintiffs may have additional claims against Defendant Chase. With several Motions to Dismiss, the only defendant remaining is Defendant Fay and the Plaintiffs are Lombard Flats, LLC, and Mr. Martin Eng Lee. The only surviving claims are for violation of the Federal Fair Debt Collections Practices Act and the California Rosenthal Fair Debt Collections Practices Act. Plaintiffs allege Defendant Fay engaged in "deceptive" debt collection practices by demanding an inflated loan amount. Defendant Fay disputes this claim. Upon association of undersigned counsel, Reshma Kamath, into the afore-captioned matter, Plaintiffs filed a NOTICE OF PENDANCY OF ACTION pending Sheriff Sale on January 30, 2024 and a Trustee Sale in this matter on February 7, 2024. It is Defendant Fay's position that the Lis Pendens is improper, and it will move to have it expunged if necessary. The Trustee's Sale set for February 7, 2024 was postponed due to Plaintiffs' filing for Bankruptcy under Chapter 11 (Case No. 24-30047). Defendant Fay filed a Motion for Relief from Stay in the Bankruptcy that was granted.

This action was filed on Plaintiffs behalf by attorney Dennis Rasmussen. On or about March 16, 2023, Mr. Rasmussen withdrew from the case and attorney Matthew Gluck substituted into the action. On or about May 4, 2023, Mr. Gluck withdrew from the case and attorney Sarah Shapero substituted into the action. Undersigned counsel Reshma Kamath had to file a Notice of Association of Counsel because Ms. Shapero was refusing to properly follow the substitution of attorney protocol, i.e., Shapiro would not sign the substitution form and

notice. On January 16, 2024, this Court granted Ms. Shapero's request to withdraw from the case. Currently, Counsel Reshma Kamath is the counsel of record for Plaintiffs.

3.  **Legal Issues**

Plaintiffs assert the claims are ripe, justiciable and have the requisite standing to be judicially-determined for the FDCPA and RFDCPA.

Defendant Fay asserts that Plaintiffs' surviving claims fail as a matter of law because they are based on an alleged violation of the Bankruptcy Code. Thus, this Court lacks jurisdiction over these claims. The claims also fail because Plaintiffs cannot prove any violation by Defendant Fay.

4.  **Motions.**

Defendant Chase previously filed a Motion to Dismiss that Plaintiffs did not oppose. They then dismissed Defendant Chase from the action with prejudice. Plaintiffs and Defendant Fay tried to settle this matter, but no agreement could be reached, Thus, Defendant Fay served a dismissal demand on Plaintiffs and filed a Motion to Dismiss that was granted with leave to amend. A First Amended Complaint was filed, and Defendant Fay filed another Motion to Dismiss that was granted in part and denied in part. Plaintiff New Owners was dismissed from the action at that time. Plaintiffs Lombard and Martin Eng filed a Second Amended Complaint on August 7, 2023. Dkt 57. Defendants filed a Motion to Dismiss the Second Amended Complaint ("SAC") on August 21, 2023. Dkt 58. The Motion was granted in part and denied in part. In the Court's Order, U.S. Bank Trust National Association, Not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust was dismissed from the action and Plaintiffs' claim for violation of Business and Professions Code Section 17200 was dismissed. Defendant Fay filed an Answer on November 2, 2023. Dkt 66. Following the Motion to Dismiss the SAC, the sole claims remaining in this action are for violation of the Federal Fair Debt Collections Practices Act and the California Rosenthal Fair Debt Collections Practices Act. Defendant Fay filed a Motion for Summary Judgment that is scheduled for August 15, 2024.

Plaintiffs filed an Ex Parte Application for a TRO to enjoin the recording of the Notice of Trustee's Sale on November 20, 2023, contesting the reinstatement amount in the Notice of Default. Dkt 67. On December 21, 2023, the Court denied Plaintiffs' request for a TRO.

5. **Amendment of Pleadings**

Plaintiffs filed a Second Amended Complaint on August 7, 2023. Dkt 57.

6. **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Additionally, the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evident in this action.

7. **Disclosures**

Defendant Fay served its initial disclosures on Plaintiff January 12, 2023.

Plaintiffs have not served initial disclosures, because of the Defendant Fay's trustee sale postponement each time and on-going discovery.

8. **Discovery**

Plaintiffs served written discovery on Defendant Fay, responses to which were provided December 18, 2023. Defendant Fay served written discovery on Plaintiffs on March 13, 2024, the responses to which were timely provided.

9. **Class Actions**

Not applicable.

10. **Related Cases**

There are no presently known related cases or proceedings pending before another judge of this Court or before another Court or Administrative Body.

**11. Relief**

    A.    <u>Plaintiffs' Position</u>: Plaintiffs seek actual, general, special, punitive, treble, and compensatory damages. Also, plaintiffs seek Defendants to set aside trustee sale and/or to postpone until a resolution is reached.

    B.    <u>Defendant Fay's Position</u>: Defendant Fay denies that Plaintiff is entitled to any relief in this matter, and it is Defendant Fay's position that Plaintiffs' claims do not support the postponement or rescission of the sale.

**12. Settlement and ADR**

The parties have attempted to resolve the matter informally. Plaintiffs rejected Defendant Fay's prior offer as being unaffordable and made two counter offers which were rejected. Defendant Fay presented an offer with a deadline to accept of January 24, 2024, which was not accepted. On July 23, 2024, the parties participated in a Mandatory Settlement Conference with Judge Sallie Kim, but no agreement was reached.

Plaintiffs were not satisfied with dropping level of judicial conduct at the Mandatory Settlement Conference, and request the MSC be re-done with a different judicial officer. Judge Sallie Kim failed to adhere to settlement conference protocols and procedures.

**13. Other References**

Defendant does not believe this case is suitable for reference to arbitration, a special Master or the Judicial Panel on Multidistrict Litigation.

Plaintiff is open to this possibility as well as private mediation.

**14. Narrowing of Issues**

The parties have not yet identified any issues that may be narrowed by agreement or motion.

**15.  Expedited Trial Procedure**

The parties do not believe that this case may be handled on an expedited basis.

**16.  Scheduling:**

On January 22, 2024, the Court entered its Pre-trial Order. The parties do not seek to modify this schedule.

**17.  Trial**

At the prior Case Management Conference, this Court held Plaintiffs had waived their right to a jury trial by not making a timely demand. Thus, a Court Trial is set for this matter. In the event Defendant Fay's Motion for Summary Judgment does not resolve this matter, Defendant Fay believe the trial will last two days.

**18.  Disclosure of Non-party Interested Entities or Persons**

Plaintiffs have not filed the Certification of Interested Entities or Persons.

Defendant Fay filed its Certification of Interested Entities or Persons on March 3, 2023.

**19.  Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: August 02, 2024                    LAW OFFICE OF RESHMA KAMATH

/S/ Reshma Kamath

**RESHMA KAMATH**
Counsel for Plaintiffs LOMBARD FLATS,
LLC, NEW OWNERS GROUP, LLC
and MARTIN ENG LEE

| | |
|---|---|
| Dated: August 2, 2024 | WRIGHT FINLAY & ZAK, LLP |
| | |
| | *s/Kristina M. Pelletier* |
| | Kristina M. Pelletier, Esq. |
| | Counsel for Defendant, |
| | FAY SERVICING, LLC |

# PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 2, 2024, I served the within **JOINT CASE MANAGEMENT STATEMENT** on all interested parties in this action as follows:

[ ]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Reshma Kamath, Esq.
333800 Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084
Menlo Park, CA 94025
Tel: 650-257-0719
Email: reshmakamath2021@gmail.com
Attorney for Plaintiffs MARTIN ENG, LOMBARD FLATS LLC et al,

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

1
PROOF OF SERVICE

1  [X]  (Federal) I declare under penalty of perjury under the laws of the United States of
2       America that the foregoing is true and correct.

Executed on August 2, 2024, at Newport Beach, California.

_____
Gretchen Grant