UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LOMBARD FLATS LLC, et al., | Case No. 22-cv-05686-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING SUMMARY JUDGMENT** |
| FAY SERVICING LLC, et al., | Re: ECF No. 118 |
| Defendants. | |

## INTRODUCTION

This is a debt-collection dispute concerning the mortgage loan on the property located at 949–953 Lombard Street in San Francisco. Plaintiffs Martin Eng and Lombard Flats LLC sued defendant Fay Servicing LLC (the current loan servicer). There are two surviving claims, both based on Fay's attempts to collect on the defaulted loan: (1) a violation of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, and (2) a violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.17.[1] Fay moved for summary judgment on the grounds that (1) the plaintiffs lack standing because only the bankruptcy trustee

---

[1] Second Am. Compl. (SAC) – ECF No. 57; Order – ECF No. 64 at 1–2, 4–5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The SAC lists 949 Lombard Street as the subject property, but the loan at issue lists the properties as 949–953 Lombard Street. Gioello Decl. – ECF No. 118-1 at 1–2 (¶ 1); Promissory Note, Ex. A to *id* – ECF No. 118-1 at 10; Deed of Tr., Ex. B to *id*. – ECF No. 188-1 at 19.

ORDER – No. 22-cv-05686-LB

has standing to prosecute the claims and did not abandon them, and (2) the plaintiffs did not state a claim under either statute.[2] The court grants summary judgment primarily on the ground that the loan is undisputedly not a consumer debt and thus there is no claim under either statute.

## STATEMENT

### 1. The Loan History

In November 2005, Mr. Eng refinanced the property with a $3,210,500 loan from Washington Mutual secured by a deed of trust with a loan term from January 2006 to December 2035.[3] In September 2008 (after the FDIC took Washington Mutual into receivership), J.P. Morgan Chase (previously dismissed as a defendant) acquired Washington Mutual's assets, including "all mortgage servicing rights and obligations," and began servicing the loan. On November 1, 2008, Mr. Eng and Chase modified the loan and changed its maturity date to November 1, 2013.[4] On the loan application, Mr. Eng described the loan as a cashback refinance for an investment property. He listed his residential address as a different address in San Francisco (although he listed 939 Lombard as a residence address within the past two years).[5]

By grant deed dated November 4, 2008, and recorded on January 26, 2009, Mr. Eng transferred title of the property to Lombard Flats.[6] On August 3, 2009, Lombard Flats filed a petition for bankruptcy and listed the property as an asset subject to a secured claim.[7] In July 2010, the bankruptcy court approved Lombard Flats's reorganization plan, which required Lombard Flats to make monthly loan payments to Chase or its successors for ten years. The loan's

---

[2] Mot. – ECF No. 118 at 6.

[3] Gioello Decl. – ECF No. 118-1 at 2 (¶ 3); Promissory Note, Ex. A to *id.* – ECF No. 118-1 at 10–17; Deed of Trust, Ex. B to *id.* – ECF No. 118-1 at 19–44.

[4] Gioello Decl. – ECF No. 118-1 at 3–4 (¶¶ 8–9); Loan Modification Agreement, Ex. F to *id.* – ECF No. 118-1 at 102–103.

[5] Gioello Decl. – ECF No. 118-1 at 3 (¶ 5); Loan Appl., Ex. C to *id.* – ECF No. 118-1 at 46.

[6] Gioello Decl. – ECF No. 118-1 at 3 (¶ 7); Grant Deed, Ex. D to *id.* – ECF No. 118-1 at 52–53.

[7] Gioello Decl. – ECF No. 118-1 at 4 (¶ 10); 2009 Bankr. Pet., Ex G to *id.* – ECF No. 118-1 at 117.

new maturity date was August 15, 2020.[8] On May 3, 2023, the bankruptcy court modified the order of confirmation and required Lombard to (1) reimburse Chase for $1,780.93 for funds that Chase advanced for property taxes and insurance and (2) make future monthly payments for taxes and insurance.[9]

In September 2019, Lombard Flats fell behind on its loan payments, but it made partial monthly payments of $9,500 (of the total monthly payment of $12,712.98) from September 2019 through March 2020. After March 13, 2020, Chase did not receive any payments. The crediting of the partial payments satisfied the payment obligations through November 2019, but payments remained due for December 2019 and the months thereafter.[10]

By January 26, 2022, the loan remained in default (with the entire balance due). Chase thus sent Lombard a Notice of Default (Notice of Intent to Foreclose).[11] On August 1, 2022, Chase transferred the servicing of the loan to Fay. Between August 1 and August 30, 2022, Fay received no calls from Mr. Eng or any requests for a loan modification.[12] Mr. Eng declares that he made loan-modification requests and even asked to speak directly with Fay's attorney, to no avail.[13] No loan payments have been made to Fay since it began servicing the loan.[14]

On November 3, 2022, Chase sold and assigned the note and deed of trust to U.S. Bank and Trust National Association as the owner trustee for VRMTG Asset Trust. The assignment lists Mr. Eng as the borrower.[15] On August 2023, VRMTG recorded a Notice of Default and Election to

---

[8] Gioello Decl. – ECF No. 118-1 at 4 (¶ 11); Bankr. Plan & Order, Ex. H to id. – ECF No. 118-1 at 143–62.

[9] Gioello Decl. – ECF No. 118-1 at 4 (¶ 12); Order, Ex. I to id. – ECF No. 118-1 at 184–87.

[10] Gioello Decl. – ECF No. 118-1 at 4–6 (¶ 13) (detailing partial payments and the crediting of the partial payments to address arrearages in previous months); Loan Payment History, Ex. J to id. – ECF No. 118-1 at 190–95.

[11] Gioello Decl. – ECF No. 118-1 at 6 (¶¶ 14–15); Notice of Default, Ex. K to id. – ECF No. 118-1 at 197–200.

[12] Gioello Decl. – ECF No. 118-1 at 6 (¶ 15); Welcome Letter, Ex. L to id. – ECF No. 118-1 at 202–31.

[13] Eng Decl. – ECF No. 124 at 3 (¶¶ 4–10).

[14] Gioello Decl. – ECF No. 118-1 at 8 (¶ 21).

[15] Gioello Decl. – ECF No. 118-1 at 6 (¶ 16); Assignment of Deed of Tr., Ex. M to id. – ECF No. 118-1 at 233–34.

sell. On January 24, 2024, VRMTG noticed a trustee's sale for February 7, 2024.[16] On January 29, 2024, Lombard Flats filed another bankruptcy petition, which delayed the trustee's sale. The bankruptcy court converted the Chapter 11 bankruptcy to a Chapter 7 bankruptcy and appointed Michael G. Kasolas as the trustee.[17] The bankruptcy case closed in May 2024.[18]

### 2. Procedural History and Jurisdiction

Chase removed the case to federal court and filed an unopposed motion to dismiss. The court dismissed Chase with prejudice. Ultimately, following several rounds of motions to dismiss, there are two claims left against Fay: a violation of the FDCPA and a violation of the RFDCPA, both predicated on Fay's alleged misrepresentation that the loan was $3.2 million when it in fact was reduced to $3 million by the bankruptcy court.[19] The court has federal-question jurisdiction for the FDCPA claim and supplemental jurisdiction (and diversity jurisdiction) for the RFDCPA claim. 28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), 1441(c).[20] The parties consented to magistrate-judge jurisdiction.[21] The court held a hearing on September 12, 2024.

### STANDARD OF REVIEW

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Id.* at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

---

[16] Gioello Decl. – ECF No. 118-1 at 6–7 (¶¶ 17–18); Notice of Default, Ex. N to *id.* – ECF No. 118-1 at 236–38; Notice of Tr.'s Sale, Ex. O to *id.* – ECF No. 118-1 at 240–42.

[17] Gioello Decl. – ECF No. 118-1 at 7 (¶ 19); 2024 Bankr. Pet., Ex. P to *id.* – ECF No. 118-1 at 244–48; Order of Conversion, Ex. Q to *id.* – ECF No. 118-1 at 250–51; Notice of Chapter 7 Bankr., Ex. R to *id.* – ECF No. 118-1 at 253–55.

[18] Gioello Decl. – ECF No. 188-1 at 7 (¶ 20); Final Decree, Ex. T to *id.* – ECF No. 118-1 at 271.

[19] Order – ECF No. 64 at 1–2, 4–5.

[20] Notice of Removal – ECF No. 1 at 3–5 (¶¶ 6–13).

[21] Consents – ECF Nos. 9, 17, 145.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial.") *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

In ruling on a summary-judgment motion, the court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). A "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate

references so that it could conveniently be found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In other words, "whatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response." *Id.* at 1029; *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

## ANALYSIS

Fay moved for summary judgment on two main grounds: (1) the plaintiffs lack standing because only the bankruptcy trustee has standing and (2) the claims fail on the merits. The court grants summary judgment primarily on the ground that the mortgage loan is not a consumer debt.

First, as to the standing argument, Lombard Flats filed for bankruptcy, not Mr. Eng, who was the borrower. The parties dispute whether it is appropriate to allow the plaintiffs to substitute in the bankruptcy trustee into the case.[22] The parties agree that Lombard listed the claims as an asset.[23] *Cf. Nissim v. Wells Fargo Bank, N.A.*, No. C 14-1128 CW, 2014 U.S. Dist. LEXIS 124576, at *16 (N.D. Cal. Sept. 5, 2014) (amended bankruptcy schedule included the plaintiff's claim for wrongful disclosure; bankruptcy court thereafter closed the case; at that time, the trustee had not taken any action on the listed claim; the claim thus was abandoned under 11 U.S.C. § 554(c)). Fay then contends that even if the bankruptcy trustee is substituted into the case, it still prevails on the merits.[24] Given this argument, the court addresses the merits.

Second, Lombard Flats is a limited-liability company, not a natural person. 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."). It thus cannot sue under the FDCPA. The plaintiffs did not contest this conclusion. *Cf.*

---

[22] Opp'n – ECF No. 125 at 3–5; Reply – ECF No. 136 at 4–5.
[23] Opp'n – ECF No. 125 at 4; Reply – ECF No. 136 at 4.
[24] Reply – ECF No. 136 at 4–5.

1   Cal. Civ. Code § 1788.2(g) ("The term 'person' means a natural person, partnership, corporation,
2   limited liability company, trust, estate, cooperative, association or other similar entity.").

3   Third, the claims fail as a matter of law, primarily because the mortgage-loan was not a
4   consumer debt, which is a requirement for claims under both statutes.

5   The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and
6   from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292
7   (1995). "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within
8   the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for
9   personal purposes, (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6);
10  and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o."
11  *Makreas v. JP Morgan Chase Bank, N.A.*, No. 12-CV-02836-JST, 2013 WL 3014134, at *2 (N.D.
12  Cal. June 17, 2013); *see* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged
13  obligation of a consumer to pay money arising out of a transaction in which the money, property,
14  insurance, or services which are the subject of the transaction are primarily for personal, family, or
15  household purposes, whether or not such obligation has been reduced to judgment.")

16  The RFDCPA "regulates the collection of 'consumer debts,' which are defined as transactions
17  pursuant to which 'property, services or money is acquired on credit . . . primarily for personal,
18  family, or household purposes." *Quinlan v. Citimortgage, Inc.*, No. 2:11-CV-00986-MCE-EFB,
19  2011 WL 5299311, at *2 (E.D. Cal. Nov. 2, 2011). The statute's purpose is "to prohibit debt
20  collectors from engaging in unfair or deceptive acts or practices in the collection of consumer
21  debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code
22  § 1788.1. "Like the FDCPA, the RFDCPA requires the plaintiff to prove four elements: (1) that
23  the plaintiff is a 'debtor,' (2) that the debt at issue is a 'consumer debt,' (3) that the defendant is a
24  'debt collector,' and (4) that the defendant violated one of the liability provisions of the
25  RFDCPA." *Ansari v. Elec. Doc. Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621, at
26  *11 (N.D. Cal. Aug. 29, 2013) (cleaned up). While providing its own standards governing debt-
27  collection practices, the RFDCPA also incorporates sections 1692b through 1692j of the federal
28  act and requires that every debt collector abide by those provisions. Cal. Civ. Code § 1788.17;

*Fitzgerald v. Bosco Credit, LLC*, No. 16-CV-01473-MEJ, 2017 WL 3602482, at *8 (N.D. Cal. Aug. 21, 2017).

Fay does not dispute that it is a debt collector.[25] The main issue is whether the mortgage loan here is a consumer debt. It is not.

Courts analyze claims under the FDCPA and RFDCPA "identically." *Cutler ex rel. Jay v. Sallie Mae, Inc.*, No. EDCV-13-2142-MWF (DTBx), 2014 WL 7745878, at *2 (C.D. Cal. Sept. 9, 2014). Both statutes define a consumer debt as one obtained "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Cal. Civ. Code §§ 1788.2(e)–(f). Courts "examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended." *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) (cleaned up). Thus, "[c]ourts determine the debtor's purpose as of the time the debt was incurred." *Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*, 859 F. App'x 102, 104 (9th Cir. 2021) (cleaned up). In this analysis, "[n]either the lender's motives nor the fashion in which the loan [was] memorialized are dispositive." *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001).

The plaintiffs provided no evidence to show a genuine issue for trial about whether the loan was a consumer debt. Mr. Eng identified the loan as a cashback refinance for an investment property, and he listed a different residence address than the Lombard address. In interrogatories 6, 7, and 8, Fay asked for all facts supporting the plaintiffs' contention that the loan was either for personal, family, or household purposes, and Mr. Eng responded to each: "I do not contend that. F[ay] and [Chase] should have instituted a mitigation and workaround program for me to pay the loan in piecemeal installment payments. I am willing to pay in small amounts.[26] Plaintiff's counsel said at the September 12, 2024, hearing that Mr. Eng lived at the Lombard address. He alleged that he lived there in the complaint.[27] But Mr. Eng's burden at summary judgment is to provide evidence. He did not. (His counsel's argument and the complaint's fact allegations are not evidence.) The undisputed

---

[25] *Id.* at 4.

[26] Mot. – ECF No. 118 at 12; Fay's Interrogs., Ex. D to Pelletier Decl. – ECF No. 118-2 at 37 (Interrogs. Nos. 6–8); Responses, Ex. E to *id.* – ECF No. 118-2 at 48–49.

[27] SAC – ECF No. 57 at 2 (¶ 2).

evidence — including evidence from the bankruptcy proceedings that the three flats are rental units — is that the mortgage loan was for an investment property.[28] Mortgage loans on commercial or rental properties are not consumer debts under the FDCPA. *Bostwick v. SN Serv. Corp.*, No. 21-CV-02560-LB, 2023 WL 114217, at *6 (N.D. Cal. Jan. 5, 2023) (collecting and analyzing cases).

A second ground for summary judgment is that Fay relies on interrogatory responses to show that there are no genuine issues for trial that it engaged in unfair practices. In its interrogatories, it asked for facts that supported the plaintiffs' contentions that Fay made over-inflated debt collection demands by inflating the debt amount and adding extra interest charges. Mr. Eng again responded to each: "I do not contend that. F[ay] and [Chase] should have instituted a mitigation and workaround program for me to pay the loan in piecemeal installment payments. I am willing to pay in small amounts.["][29]

Both grounds for summary judgment rest at least in part on Mr. Eng's interrogatory responses. Citing *Mason v. Marriage & Fam. Ctr.*, the plaintiffs counter that "California courts have recognized that a party's interrogatory responses are not necessarily binding for purposes of summary judgment."[30] *See* 228 Cal. App. 3d 537, 546 (1991). That case involved the plaintiff's identifying an incorrect date of injury in her interrogatory response, which was a "simple mistake" that was corrected in a detailed explanation in support of her opposition to the motion for summary judgment. *Id.* at 541, 546. *Mason* is distinguishable. Mr. Eng's burden is to produce evidence supporting his claims. He did not.

Mr. Eng submitted a declaration, but it addresses only his efforts at a loan modification, which seemingly was his main interest.[31] He did not submit evidence about what Fay said in collecting

---

[28] The 2010 Bankruptcy Reorganization Plan identified the property as a three-flat building. Mr. Eng's parents resided in one flat with a forty-five-year rent-controlled lease ending in 2035, and the other two flats were rental units. Bankr. Plan & Order, Ex. H to Gioello Decl. – ECF No. 118-1 at 145–46; *see id.* at 147 (characterizing Mr. Eng as a real-estate investor and owner).

[29] Mot. – ECF No. 118 at 12–17; Fay's Interrogs., Ex. D to Pelletier Decl. – ECF No. 118-2 at 36–40 (Interrogs. Nos. 1–2, 13–14, 19–20); Responses, Ex. E to *id.* – ECF No. 118-2 at 46–47, 50–52.

[30] Opp'n – ECF No. 125 at 9 (cleaned up).

[31] Eng. Decl. – ECF No. 124.

the debt that was a misrepresentation. He did not submit evidence that mortgage loan was a consumer debt.

Moreover, his other allegations — he has evidence of inflated charges taking the loan to $3.3 million[32] and Fay threatened action that it had no intention or ability to undertake[33] — also are arguments, not evidence that show a genuine issue for trial.

In sum, both grounds support summary judgment. At minimum, it is undisputed that the loan was not a consumer debt. The court thus does not reach the issues raised in the plaintiffs' supplemental brief about the debt-collection letter, an argument that Fay characterizes as a late-in-the-game attempt to amend the complaint.[34]

## CONCLUSION

The court grants summary judgment to Fay on the remaining claims. The court's earlier orders dismissed the other claims that the plaintiffs asserted as grounds for relief.

This resolves ECF No. 118. The court will issue a separate judgment directing the Clerk of Court to close the case.

**IT IS SO ORDERED.**

Dated: September 15, 2024

_____
LAUREL BEELER
United States Magistrate Judge

---

[32] Opp'n – ECF No. 125 at 10.
[33] Pls' Suppl. Br. – ECF No. 150.
[34] *Id.*; Def.'s Resp. – ECF No. 155.